# Easton Bank *against* Coryell.

The jury, after the charge of the court, retired to deliberate, and returned into court to give their verdict. After they had entered the jury-box, and nine of them had been called, the plaintiff requested to take a nonsuit. *Held*, that he was entitled to do so.

ERROR to the Common Pleas of *Bucks* county.

This was an action of assumpsit on a promissory note, brought by the Easton Bank against Coryell and Murray. After the charge of the court, the jury retired to deliberate upon their verdict, and after the lapse of some time came into court. After they had entered the jury-box and nine of them had been called, and before the clerk had finished calling them, the plaintiff asked to suffer a nonsuit. The court decided that it was too late, and refused to allow it, and the plaintiff excepted. This refusal was one of the assignments of error.

*Ross*, for the plaintiff in error, cited *M'Lughan* v. *Bovard*, (4 *Watts* 308); *M'Credy* v. *Fey*, (7 *Watts* 496).

*Chapman*, contra.

[Easton Bank v. Coryell.]

Per Curiam.—There is no apparent error in the charge; but the plaintiff was erroneously compelled to submit to a verdict. It was ruled in *M'Lughan* v. *Bovard*, for reasons not necessarily to be repeated, that a plaintiff is entitled to become nonsuit at any time before the jury have declared their readiness to give their verdict in answer to the prothonotary's formal inquiry; but in this instance they were not ready, for they had not all been called and counted, in compliance with the ceremony that precedes the question of readiness. It is better to hold fast to the established criterion, whatever it may be, than introduce uncertainty by departing from it.

　　　　　　　　　　　　　　　　　　　Judgment reversed.