# Haviland *versus* Fidelity Insurance, Trust and Safe Deposit Company, Executor, &c.

1. A claimant who has presented several separate and distinct claims against a decedent's estate, upon the audit of the executor's account, in the Orphans' Court, may, before adjudication thereon, withdraw one or more of such distinct claims, without prejudice to his right to sue therefor in another forum, and that without leave of the court, and against the objection of the accountant.

2. In a common law action against an executor, the defendant pleaded

specially in bar that the claim in suit had been previously presented by plaintiff in a proceeding for distribution in the Orphans' Court, upon the audit of the executor's account, and had been by said court finally adjudicated; and the plaintiff replied by a special traverse, setting out by way of inducement that he had withdrawn said claim from the consideration of the auditing judge before any adjudication thereof, and traversing, *absque hoc*, the allegation in the plea that the claim in suit had been adjudicated in the Orphans' Court; and on demurrer to the replication the court below entered judgment for the defendant. *Held*, to be error.

January 5th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county*: Of January Term, 1884, No. 193.

Assumpsit, by James Haviland against the Fidelity Insurance, Trust and Safe Deposit Company, executor of the will of Lucas Hirst, deceased. The narr. consisted of the common counts. The bill of particulars of plaintiff's claim consisted of a statement of items for salary and commissions on collections of rent and interest, for which it was alleged the testator was indebted to plaintiff.

Pleas, non assumpsit; non assumpsit testator; non assumpsit infra sex annos; set-off; payment with leave, &c., and a special plea that upon the adjudication of the account of defendant as executor of said testator in the Orphans' Court of Philadelphia county, the plaintiff presented the same claim and demands sued for in this suit, and the same were adjudicated upon and rejected by the auditing judge in his adjudication filed, to which adjudication the plaintiff filed no exceptions, and said adjudication was confirmed absolutely by the decree of said court, which decree " now stands as the judgment of said court upon the said claims and demands of the said plaintiff, and is unreversed, whereby the said plaintiff is barred from recovering upon said claims and demands in this suit, and this the said defendants are ready to verify, wherefore they pray judgment," &c.

In the body of said special plea was recited and set forth *in hæc verba* the said adjudication of the auditing judge upon the plaintiff's claims, by which it appeared that at the audit the plaintiff had presented three separate items of claim, to wit: (1) A claim for a sum loaned by plaintiff to testator with interest thereon. (2) A claim for special services rendered to the executors immediately following the death of testator. (3) A claim for services rendered to the testator in his lifetime, being the same claim now sued for. It further appeared from said adjudication that pending said audit, and before adjudication upon said claims, the plaintiff presented to the auditing judge a paper re-stating the first two items of

his claim, as above, omitting the third item, and stating that the " further claim for services rendered deceased in his lifetime is now withdrawn, without prejudice to claimant's right to proceed elsewhere." The accountants objected to such withdrawal. The adjudication upon this point was as follows:

" It is very certain that the withdrawal cannot be without prejudice, for the distribution awarded by the adjudication will cut out all claims not now presented so far as the fund distributed is concerned (Hammett's Appeal, 2 Norris 392.) Whether a claimant who voluntarily permits the personal estate, the primary fund for the payment of debts, to be distributed can afterwards proceed against the real estate—the surety, so to speak, is perhaps a question (see Hanna's Appeal, 7 Casey 53.) The real estate is only liable in case of a deficiency of assets, and the creditor ought not to be permitted to let the personal estate go to the legatees to the prejudice of the heir or devisee.

" Whether a claim once presented in the Orphans' Court can be there abandoned or withdrawn so as to permit its renewal in another court at such time as the creditor may think fit to present it, is a question which will perhaps more properly arise when the attempt is made to do so, but subject to this question and with such right on the part of the claimant as he may have by reason of his withdrawal, or attempted withdrawal of his· claim, the claim for services to the decedent in his lifetime is disallowed."

The other two items of plaintiff's claim were allowed by the adjudication.

To the above special plea the plaintiff filed the following replication:

And the plaintiff as to the plea of the defendant last above pleaded, saith that the claim, demand and cause of action for which this suit has been brought by this plaintiff, was withdrawn by him from the consideration of the said auditing judge of the said Orphans' Court of the county of Philadelphia, sitting to audit· the account of the defendant as executor on the occasion referred to in said plea, before any determination, decision, or judgment was rendered therefor by said auditing judge; *without this,* that by the judgment of the said Orphans' Court for the county of Philadelphia, the said claim and demand of the plaintiff for which this suit is brought, hath been adjudicated upon and rejected in the manner and form as in said plea alleged, and this he is ready to verify.

The defendant demurred to the replication, on the grounds (1) That the said replication is not responsive to said plea, and does not answer the same, or put in issue any fact therein

alleged. (2) That the said replication is indirect and argumentative, and attempts to traverse a conclusion of law from the facts set out in the said plea. (3) That the said replication sets forth in the inducement thereof no new affirmative matter which is thereby put in issue. (4) That the said replication is, in other respects, uncertain and insufficient. Wherefore the defendant prays judgment, and that the said plaintiff may be barred from having or maintaining his aforesaid action, &c.

The court entered judgment for the defendant on the demurrer, whereupon the plaintiff took this writ of error, assigning for error the said judgment, and the not entering judgment for the plaintiff on the whole record.

*Rowland Evans* and *R. L. Ashhurst*, for plaintiff in error.—On demurrer the court will consider the whole record, and give judgment for the party who on the whole appears to be entitled to it: Stephen on Pleading *144. The defendant's plea is bad, because it violates the rule which forbids prolixity and surplusage in pleading. It refers to the record by way of recital. It is argumentative, reciting a portion of the record and then a conclusion therefrom. It is repugnant, ambiguous, and doubtful, the former part of the plea stating that the claim was adjudicated, the latter part, the record, that it was withdrawn. The whole record in the Orphans' Court should have been pleaded at length, or only its legal effect: Stephen on Pleading *378, 384, 388, 389, 423. If the plea is good we certainly had a right to traverse its allegations. The replication is good, for the record set forth in the plea can be explained, if necessary, by outside testimony: Croft *v.* Steele, 6 Watts 373; Carmony *v.* Hoober, 5 Barr 309; Converse *v.* Colton, 13 Wright 352; Aiken *v.* Stewart, 4 W. N. C. 181. The replication meets all the requirements of good pleading. The inducement contains new matter absolutely inconsistent with the allegations of the plea, so it could not be set up by way of confession and avoidance. It is affirmative matter and does not in itself form an issue, therefore it must conclude with a traverse and verification: Gould on Pleading, ch. 7, §§ 6, 14, 32, 64. The question presented by the demurrer was not whether the claim had been adjudicated and rejected by the Orphans' Court, but whether we could traverse that allegation by showing that it had been withdrawn from the consideration of the Orphans' Court.

A nonsuit is a matter of right. No leave of the court is necessary: Evans *v.* Clover, 1 Grant 164; Easton Bank *v.* Coryell, 9 W. & S. 153; McCredy *v.* Fey, 7 Watts 498. In equity cases the rule is the same: Daniel's Ch. Pr. 768; Curtis

*v.* Lloyd, 4 M. & C. 194. It is well settled that a plaintiff who has included several distinct claims in one suit, may withdraw any one of them at any moment prior to verdict or judgment, and afterwards maintain a second suit upon the claim so withdrawn. And where the withdrawal does not appear of record it may be shown by testimony dehors the record : Chitty on Pleading, vol. 1, p. 603; Daniel's Ch. Pr. 799; Cooper *v.* Tiffin, 3 T. R. 511; Hess *v.* Heeble, 6 S. & R. 57; Killion *v.* Wright, 10 Casey 91; Steelman *v.* Sites's Exe'rs, 11 Id. 216; Chase *v.* The Bank, 6 Smith 355; Thomson's Estate, 5 W. N. C. 14; Sulzbach *v.* Thomson's Administrators, 41 Leg. Int. 75; Cummins *v.* Bennett, 8 Paige 79; Saylor's Appeal, 3 Wright 498; Coyle's Estate, 41 Leg. Int. 134. In equity cases the plaintiff may in general move to dismiss his own bill with costs, as a matter of course, at any time before final decree : Daniel's Ch. Pr. 768. This may be done even after the case has been called for hearing and has stood over at request of counsel : Curtis *v.* Lloyd, 4 M. & C. 194. And in the absence of a rule of court to the contrary, a plaintiff obtaining an order to dismiss his own bill at any time before decree is not thereby prevented from filing a new bill for the same cause at any subsequent time : Daniel's Ch. Pr. 799; Cummins *v.* Bennett, 8 Paige 79; Saylor's Appeal 3 Wr. 498.

Having withdrawn the claim, any adjudication thereof was without jurisdiction, and not the subject of exception or appeal. But the adjudication, as made, was expressly *subject* to the question of our right to withdraw, without prejudice to a subsequent suit to recover the claim out of the property other than the fund then for distribution. That is the question here.

*William P. Gest, John Marshall Gest* and *John H. Sloan,* for defendant in error. — The adjudication in the Orphans' Court is well pleaded. It is properly set out *in hæc verba* in order to raise a question of law : Chitty on Pleading 929; Hibshman *v.* Dulleban, 4 Watts 183; Prowathin *v.* O'Brien, 1 W. N. C. 155. It is not argumentative or ambiguous. It is positive in form : Stephen on Pleading 426, 431. The special traverse is bad. Upon a plea of former recovery, the plaintiff must answer either *nul tiel record,* or subsequent facts in confession and avoidance, or demur : Chitty 489, 929 n. (a) ; McFarland *v.* Irwin, 8 Johnson 77. A special traverse has never been allowed when the whole defence of the plea is matter of record. The inducement must contain new matter, but here it does not. It either means that before the judge filed his formal adjudication, the plaintiff announced his in-

tention of offering no further testimony, which is already found in the plea, or that against the will of the court he took his claim out of its jurisdiction, which is either a demurrer to the jurisdiction of the Orphans' Court, or an argumentative denial of its record which cannot be avoided collaterally. . It is really a plea by way of confession and avoidance which is bad in a special traverse: Stephen on Pleading 226, 227. It is an attempt to traverse a conclusion of law which must be done by a demurrer: Stephen on Pleading 233; Chitty on Pleading 612; Bennet *v.* Filkins, 1 Wm. Saunders 14; Seymour *v.* Maddox, 16 A. & E. (N. S.) 327; Cane *v.* Chapman, 5 Id. 647; Dangerfield *v.* Thomas, 9 Id. 292; Hobson *v.* Middleton, 6 B. & C. 295; Summers *v.* Ball, 8 M. & W. 596.

A claimant or plaintiff has no right to withdraw a claim without leave of court, and against the will of his adversary: Mechanics' Bank *v.* Fisher, 1 Rawle 341; Kennedy *v.* Mc-Nickle, 7 Phila. 217; Cooper *v.* Cooper, 1 Id. 129; Davis *v.* Sharpe, 5 W. N. C. 404; Schuylkill Bank *v.* Macalester, 6 W. W. & S. 149; Commonwealth *v.* O'Donnell, Brightly 111; Troubat & Haly's Practice, §§ 563, 564; Young *v.* Bush, 36 How. Pr. 240; Wilder *v.* Boynton, 63 Barb. 547; in re Davis, 7 Daly 7; Whitman *v.* Horton, 46 N. Y. Superior Ct. 537. A plaintiff will not even be allowed to withdraw part of a claim and take judgment for the balance "without prejudice" to his right to proceed elsewhere in another action. Having elected his forum and deliberately brought his claim to its decision, he must abide by it: Hall *v.* Ritter, 9 W. N. C. 574; Hanna's Appeal, 7 Casey 53; Kohler's Appeal, 3 Grant 143. In all the cases cited by the plaintiff in error, the claim was withdrawn by leave of the court, and without objection from the other side, and in the Orphans' Court cases, *all* the claims against the estate were withdrawn. The Orphans' Court being a court of equity, a discontinuance therein can only be had by rule of court, by consent of both parties, or by a decree dismissing the bill. The claim having been in fact adjudicated by the Orphans' Court, that adjudication cannot be impeached collaterally: Otterson *v.* Middleton, 6 Out. 78.

Mr. Justice GREEN delivered the opinion of the court, February 2d, 1885.

We see no difficulty with the pleadings in this case. The action was at common law by one claiming to be a creditor of a deceased testator against the executor, for services alleged to have been rendered to the testator during his life. The defendant pleaded the general issue, and also specially that the plaintiff had presented the same claim to the auditing judge, upon the settlement in the Orphans' Court of the

12 OUTERBRIDGE—16

executor's account, and that the claim was disallowed. The adjudication is set out at length in the plea, but the adjudication as there stated also showed that the plaintiff had presented three distinct claims before the auditing judge, one of which, the one now in suit, was withdrawn by the plaintiff before it had been acted upon by the Judge. The two claims which remained were allowed, but the present claim for services was disallowed, subject to the question whether the plaintiff could withdraw his claim and subsequently proceed for it in another court. To this plea the plaintiff filed a special traverse alleging as inducement his withdrawal of the claim in suit from the auditing judge before the same was considered or adjudged, and concluding with a traverse, in an *absque hoc* clause, of the allegation in the plea that this particular claim was adjudged and rejected by the auditing judge. To this special traverse the defendant replied by demurring to it. The demurrer necessarily admitted the truth of the matter contained in the inducement and denied only its legal sufficiency. The matter thus asserted was the withdrawal of the claim in suit from the action of the auditing judge, which is matter of fact and not of law, plainly expressed and easily understood, and supported by the portion of the adjudication which is printed in the paper book. We see no mystery whatever in this nor any objection to the character of the pleading. It was new matter, appropriately set up against the operation of the adjudication upon this particular claim, and if legally sufficient constituted a good reply to the plea. This brings us to the practical question of the case, to wit, can a creditor after preferring a claim against his debtor's estate, and before it is finally acted upon by the Auditor or auditing judge, withdraw it from the consideration and action of the tribunal appointed to settle the account of the debtor's representative and distribute the fund in his hands? It is difficult to understand why he may not do this. There is no compulsion upon a creditor to present or proceed with his claim in the Orphans' Court unless he wishes to participate in the fund for distribution. Of course he can have no part of the fund if he does not present and establish his claim. But if he chooses to waive all right to any part of the estate which is about to be distributed, we know of no rule which prevents him from doing so. It is his own affair entirely.

But it is said, and that is the contention here, that if he waives or withdraws his claim, after having presented it in the Orphans' Court, he cannot afterwards bring an action at law for its recovery. Why not? It is argued that the auditing judge in the present case did in point of fact disallow the claim and therefore the creditor is bound, because he did not.

file exceptions and appeal. This would be all very well if the withdrawal of the claim was not effective, but if it was, the power of the auditing judge over it was gone, and his action was nugatory and therefore required no appeal. Hence we are remitted to the question, can such a claim be effectively withdrawn? It is argued by the learned counsel for the executor in analogy to suits at common law that they may not be discontinued or nonsuited except by leave of the court, and there was no such leave in this case. It may well be doubted whether such a practice in the common pleas, if it were as stated, would be of any force in the Orphans' Court upon distribution of decedents' estates. There are no pleadings in the process of distribution. The creditor brings no suit upon his claim in order to be heard there. The legal representative of the decedent is the actor. He files his account either voluntarily or by compulsion, and seeks distribution of the fund in his hands. To this fund all claimants have access according to the practice of the Orphans' Court. Such as do not choose to present their claims forfeit all right to the fund, but they are not disabled thereby from proceeding upon a subsequent fund. The rules of pleading therefore which are applicable in common law actions are not necessarily applicable to proceedings in the Orphans' Court. But it is not correct to say that a plaintiff in a common law action may not abandon his action, as of right, and subsequently bring another for the same cause. The rule is perfectly familiar that a plaintiff may suffer nonsuit at any stage of the case before verdict and it is error in the court to refuse it. Thus we held in McCredy *v.* Fey, 7 W. 496, that a plaintiff may suffer a nonsuit at any time during the trial of a cause, before the jury are ready to give their verdict notwithstanding there be an issue upon a plea of set-off. In Easton Bank *v.* Coryell, 9 W. & S. 153, the jury, after the charge of the court, retired to deliberate, and returned into court to give their verdict. After they had entered the jury-box, and nine of them had been called, the plaintiff requested to take a nonsuit, held that he was entitled to do so. In both of these cases the court below refused the nonsuit and was reversed for doing so. The same doctrine was held in McLughan *v.* Bovard, 4 W. 308, and Evans *v.* Clover, 1 Grant 164. It is needless to say the practice is of constant occurrence in all parts of the state.

Apart from these considerations it is equally well settled that a plaintiff may withdraw a part of his claim in an action at law and bring a subsequent suit for its recovery, or he may prove by parol on the trial of the second action that the claim was not included in the first. Thus in Hess *v.* Heeble, 6 S.

& R. on page 60, GIBSON, C. J. said, " where the plaintiff wishes to withdraw part of the cause of action contained in a single count, the proper mode is to enter a nolle prosequi for that part; which will. show on the record exactly what was submitted to the jury, and will be no bar to a subsequent suit."

· In Croft *v.* Steele, 6 Watts, on page 375, HUSTON, J. said, " Though it is admitted, that if defendant's (plaintiff's?) demands, as a note and book 'account, are claimed in different counts, and no evidence given on one of the counts, but is expressly withdrawn from the consideration of the jury, there may be a recovery on the matter contained in the count so withdrawn, in a subsequent action."

In Converse *v.* Colton, 13 Wr. on page 352, WOODWARD, C. J. said, " Where the cause of action in which a previous judgment has been rendered was entire, and therefore insusceptible of severance or apportionment, the estoppel will extend to the whole, and it can not be shown that any part of that which was laid in the narr. was withheld from the jury, but when the cause of the action was severable in its nature, although it will be presumed prima facie, that the judgment includes the whole, this presumption may be rebutted by clear evidence that it extends only to a part." To the same effect is Carmony *v.* Hoober, 5 Barr 309. The doctrine was adopted and followed by the Orphans' Court of Philadelphia county in Thomson's Estate, 5 W. N. C. 14. It is not necessary to extend the discussion. It distinctly appears by the pleadings that the present claim was one of several claims presented to the auditing judge, and was withdrawn before adjudication.

· This removed it from the further action of the Orphans' Court, and hence the proceeding in that court constitutes no objection to the present action.

Judgment reversed and procedendo awarded.