Donosa, Appellant, v. Ueltzen.

Argued October 16, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Joseph A. Keough,* and with him *Levi & Mendel,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Baldrige, J., January 29, 1930:

The plaintiff brought this action to recover damages for breach of a contract. The case came on for trial and had proceeded to the taking of evidence upon the part of the defendant when counsel for plaintiff moved the court "to enter a voluntary nonsuit in this case with leave to take it off."

Our statutory regulations on the subject of voluntary nonsuit are found in the Act of March 28, 1815, 6 Smith Laws 208, which reads: "Whenever, on the trial of any cause, a jury shall be ready to give in their verdict, the plaintiff shall not be called, nor shall he then be permitted to suffer a nonsuit," and in the Act of April 16, 1903, P. L. 216, which provides that "whereas upon the trial of any cause in any court of common pleas of this Commonwealth, the plaintiff shall

not be permitted to suffer a voluntary nonsuit after the jury have agreed upon the verdict, sealed the same, and separated, unless such nonsuit shall be specially allowed by the court for cause shown.''

It was judicially determined in McLughan v. Bovard, 4 Watts 308, that the plaintiff has the right to suffer a nonsuit at any time until the jury have agreed. This ruling has been consistently followed: Easton Bank v. Coryell, 9 W. & S. 153; Haviland v. Fidelity Ins. Trust and Safe Deposit Co., 108 Pa. 236.

If the plaintiff had simply stated that he suffered a voluntary nonsuit, he would have been within his absolute right; nothing further would have been required. In that respect, a voluntary nonsuit differs from a discontinuance as the latter is not of right; the allowance thereof is within the discretion of the court: Evans v. Clover, 1 Grant 164; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Consolidated National Bank v. McManus, 217 Pa. 190; Beaver v. Slane, 271 Pa. 317.

The plaintiff saw fit to append to his motion for a voluntary nonsuit a request for leave to take off the nonsuit. The motion as made involved the exercise of judicial discretion and was not a matter of right. It included something else than a declaration of the plaintiff's willingness to stop a pending action, which is the effect of a voluntary nonsuit. The court had the right to consider the motion in its entirety. If this request as made would have been granted, the case could have been reinstated without bringing a new action. The motion did not indicate such an abandonment by the plaintiff of his cause as is contemplated by the suffering of a nonsuit; whether or not the motion should have been granted was for the trial judge's determination. We cannot say as a matter of law that its denial was an abuse of judicial discretion.

Judgment of the lower court is affirmed.