## Beach's Estate.

294

Argued January 15, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. N. Conrad,* for appellant.

OPINION BY MR. JUSTICE SADLER, February 5, 1930:

In 1913, one Wingert brought an action of assumpsit, now for the use of Lorenzo, to recover damages for breach of contract against Anderson, Beach and Corbet. An affidavit of defense was filed, and the proceeding first fixed for trial in April, 1914. Various motions and amendments of the pleadings were thereafter made prior to August 14, 1919, when plaintiff substituted a third amended statement which defendants moved to have stricken from the record. The rule to show cause why this should not be done was placed on the argument list, but no further steps were taken by either party until January 19, 1928, nearly 15 years after the institution of the suit, and practically eight and one-half years after the plaintiff sought to alter his statement of claim. He apparently made no effort to have the matter disposed of. As said by Mr. Justice WALLING, in Potter Title & Trust Co. v. Frank, 298 Pa. 137: "True, the de-

fendants could have forced the issue, but were not bound to do so."

Corbet, one of the defendants, died on September 5, 1927, and letters testamentary were granted to his wife. In 1928, the plaintiff issued a sci. fa. to call her in as a defendant in place of the deceased husband, and it was ordered that she be substituted as a defendant. An appeal from this decree, taken by her, was discontinued, because interlocutory, and non prossed. Later, she represented a petition to the common pleas asking that the pending action of assumpsit be dismissed by reason of the laches of plaintiff in delaying prosecution of his claim. The question thus raised remains undisposed of pending the determination of the appeal now before us for consideration.

H. C. Beach, another of the defendants, died testate on October 17, 1926, though his will has not been probated. On January 19, 1928, the register of wills was asked by Lorenzo, use-plaintiff, to issue a citation to compel the executrix named by the decedent to take out letters on her husband's estate, so that she also could be substituted as a party, or that letters be granted to another, so that service might be had of a sci. fa. to compel the estate to come in and defend in the action of assumpsit referred to. A request of this character may be granted "in case of the refusal or incompetency [of one entitled to letters], to one or more of the principal creditors of the decedent applying therefor": Fiduciaries Act of June 7, 1917, P. L. 447, section 2c, amending the Act of March 15, 1832, P. L. 135, section 22, in turn amended, as to a matter not material here, May 13, 1925, P. L. 687. An answer was filed denying the right of Lorenzo to ask for the citation, and depositions were taken to sustain the assertion by the respondent that the petitioner had no standing to proceed as a creditor.

Thereafter, the register of wills certified the question to the orphans' court for determination, as provided by the Registers' Act (June 7, 1917, P. L. 415, section

19), which permits such procedure "where objections are made......against the probate of any last will and testament......or where objections are made to the granting of letters testamentary or of administration to any person applying therefor, or where any question of kindred, or other disputable and difficult matter, comes into controversy before any register." In the cases mentioned, the orphans' court is given jurisdiction to pass upon the question involved (Orphans' Court Act of June 7, 1917, P. L. 363, section 9m, page 372), and from its final decree, disposing of the matter in dispute, an appeal lies: section 22, page 383.

After hearing the parties, the court directed Mrs. Beach to take out letters within fifteen days, subsequently extended to thirty, or, in default, ordered the register to issue the same to "a suitable person to represent the estate, and upon whom process may be served." In so decreeing, we see no error. Lorenzo was the use-plaintiff in a pending action. If, as contended, its further prosecution was barred by delay in proceeding with the suit, the court of common pleas, where it was brought, was the proper tribunal to which application should be made to dismiss it. Though the orphans' court indicated, in the opinion filed, that the delay in the present case was excused, because the rule to amend, placed on the argument list in 1917, was undisposed of, this suggestion cannot be considered other than obiter dicta. It was not the duty of defendants to force a final disposition of the motion referred to, but the question is whether the plaintiff has proceeded with due diligence, and jeopardized the rights of defendants by failure to act until nearly nine years after, during which period the two defendants best acquainted with the transaction, forming the basis of the claim, had died. On the facts disclosed by the record, the standing of the Beach and Corbet estates to raise this objection, and demand that a non pros be entered, seems even more favorable than that of the defendant, considered in Pot-

ter Title & Trust Co. v. Frank, supra, in which decision the authorities controlling like situations have been comprehensively discussed.

The present appeal does not, however, permit of a disposition of the question of laches raised, for the only matter before the court was the right to require that letters be granted to some one so that service of a scire facias could be had, to show cause why the Beach estate should not be substituted for the deceased defendant as a party to a suit standing on the record undisposed of: Fiduciaries Act of June 7, 1917, P. L. 447, section 35 (f). If the executrix named in the will, or some one designated to act in her place, is substituted, then an application may properly be made in the common pleas to dismiss the proceeding for want of due prosecution, and the question may be passed upon.

In so far as the order refers to the issuance of letters, —and that was the only matter the court could adjudicate,—it must be approved. This will in no way prejudice the right of the estate to raise, in the proper way, the question of laches, which was argued before us.

The decree of the court below is affirmed at the costs of appellant.