# Verona Tool Works v. Allegheny Forging Company

*Smith, Buchanan, Scott & Gordon* and *William H. Eckert,* for plaintiff.
*Alexander H. Schullman,* for defendant.

PATTERSON, J., June 23, 1932.—This is an application for a non pros. made by plaintiff and unique in that respect. A recital of the pleadings is necessary. Plaintiff filed its praecipe and statement on April 6, 1922, claiming a balance of $5,232.26 due for certain steel forgings furnished the defendant under a contract dated September 16, 1919, the steel therefor being furnished by defendant. In its affidavit of defense, defendant admits the contract and avers it shipped to plaintiff steel for said forgings until notified by plaintiff not to ship any more, and avers further that the forgings were not furnished in accordance with the terms of the contract, and that plaintiff canceled before completing the contract. Pleading further a set-off and counterclaim, defendant avers the cancellation and failure to perform caused it to be damaged in the sum of $37,229.30. A statutory demurrer and rule for judgment were filed by plaintiff, but were respectively overruled and discharged. A reply to the counterclaim was filed on July 3, 1922. A praecipe for issue on the part of plaintiff followed on November 9, 1922, and the case was listed for trial. When called, it was placed upon the deferred list and then continued, that status prevailing until October 5, 1931, when defendant filed a praecipe for issue, precipitating the petition for non pros. by plaintiff which is before us, together with defendant's answer thereto.

The petition sets up the pleadings as hereinbefore stated and avers that nothing was done by either plaintiff or defendant between the time plaintiff filed its praecipe for issue in November 1922, and the time defendant did likewise in October 1931; that in the meantime witnesses have become unavailable and that plaintiff corporation has changed ownership and name. Defendant's answer admits the averments as to pleadings, but denies that nothing was done during the 9 years intervening between the dates of filing praecipes and avers that during the whole time negotiations for settlement were actively pending between counsel for the respective parties, and it further denies the absence of necessary witnesses and avers that the change of name and ownership of plaintiff corporation does not prejudicially affect the plaintiff's rights.

We have indicated that the proceeding is unique in that the plaintiff makes application for a non pros. In all the cases we are referred to in briefs of counsel and in all the authorities we have examined, such petition has invariably emanated from the defendant. In many of them the disposition by the court

is affected by the fact that plaintiff is in control of the procedure and has power to expedite or impede it and is responsible for delay. A late authority declares defendant is not bound to incur trouble and expense by forcing an issue: Potter Title & Trust Co., Admin'r, v. Frank et al., 298 Pa. 137, 140. In that case the court lays down the rule from a long line of authorities that unless plaintiff can show a compelling reason for delay, defendant is entitled to a non pros. Other cases are of similar import. Beach's Estate, 299 Pa. 293, was a petition in the orphans' court to compel a widow to take out letters and be joined in a representative capacity as a party defendant after two defendants had died during a 15-year delay. The court granted the prayer of the petition, but indicated that laches would justify a non pros. Stewart v. Philadelphia, 240 Pa. 569, was defendant's petition for a non pros. when 13 years intervened between the issuance of summons and filing of statement, following Waring et al. v. Penna. R. R. Co., 176 Pa. 172, in which similar circumstances existed. All the cases cited by defendant are of no closer analogy. Edwards v. Western Maryland Railway Co., 268 Pa. 228, was a conductor's action in trespass with two suits in separate counties and defendant's application for non pros. was refused, no laches appearing. Pitcairn v. Stewart et al., 302 Pa. 499, involves the rule in equity, which is stricter than at law. Selmer et al. v. Smith et al., 285 Pa. 67, is a rule to set aside service and only expounds the general rule as to laches.

We assume that plaintiff justifies his application by the fact that defendant has pleaded a set-off and counterclaim. We do not deem this to warrant an application for non pros. by plaintiff, because in such a case we have an action in which proceedings in the nature of cross-suits are involved in one cause of action. The entry of a non pros. is peculiarly the defendant's remedy. Where the plaintiff at any stage of the proceedings fails to prosecute his action in due time, the defendant may enter his non pros. and have final judgment and costs against plaintiff. When the application is predicated on laches, it is controlled by the circumstances of the case.

Even were this application the proper procedure in the case at bar, we are of opinion that the delay of both parties from November 1922 to October 1931 as averred by plaintiff in the eighth paragraph of its petition, would be sufficient to deny plaintiff the relief it seeks. It was peculiarly within the plaintiff's power to compel expedition in the action and that plaintiff failed to do anything for 9 years, as its petition avers, we think precludes it from taking advantage of its own delay. Further than this, defendant's averment that there was cause for delay in the pending negotiations for settlement is definitely sustained by the testimony taken. Judge Stadtfeld, then counsel for defendant, assumes the whole responsibility for the delay, declaring he wanted it settled because of the complications and difficulties in arriving at a measure of damages, and testifies that his client was always pressing to go to trial. As late as December 1928, he speaks of a proposal to waive plaintiff's claim and pay $5,000. The testimony as to absence of witnesses is confined to two hammermen who were employed by plaintiff. The parties to the contract and those who over a period of years negotiated tentative adjustments are all available, except perhaps Mr. Schleiter, who is an invalid and never likely to recover. We cannot discern that the corporate changes in the Verona Tool Works are such as to relieve it from liability.

While we have indicated that we do not consider any compelling reason to exist for a non pros., we do so only in the interest of proceeding with the cause without further delay. The prayer of the petition must be refused in any event, because of its impropriety as hereinbefore indicated. Plaintiff's remedy is not a non pros. but a discontinuance: Davis v. Hillman, 281 Pa. 150; Consolidated

National Bank v. McManus, 217 Pa. 190; Donosa v. Ueltzen, 97 Pa. Superior Ct. 556. If the discontinuance is improperly or illegally entered, defendant can apply to have it stricken off: Lindsay v. Dutton, 217 Pa. 148. Discontinuance is a matter for leave of court. The Pennsylvania practice is to assume such leave in the first instance; it is for defendant to show cause for withdrawal of the discontinuance, and such cause would be sufficiently established if some prejudice to defendant's rights or an unjust disadvantage to defendant or other interested party results. The application is addressed to the court's discretion. In the case at bar there can be no doubt that defendant would be prejudiced by a discontinuance. We are of opinion that the parties should proceed to an expeditious trial. The courts are too frequently charged with the delay of litigants. The instant case holds indications that the delay was largely due to the fact that plaintiff had begun something to the successful conclusion of which unanticipated obstacles intervened.

### Order

And now, to wit, June 23, 1932, the rule ex parte plaintiff to show cause why judgment of non pros. should not be entered in the above-entitled case is discharged.