## O'Neil v. Stahl, Administratrix

*J. G. Weiser* and *Miles I. Potter*, for plaintiff.

*A. Francis Gilbert* and *James F. McClure*, for defendant.

LESHER, P. J., August 5, 1933.—The above-named plaintiff, A. J. O'Neil, brought an action of assumpsit against the estate of John C. Stahl, deceased, to recover an amount which he claims is due him from the decedent's estate under a written contract entered into between himself and the deceased during his lifetime.

The decedent was the owner of a stone-crushing plant situated in Snyder County, Pa., and he had placed the same in the hands of the plaintiff for sale at a stipulated price, and in the event the plaintiff secured a buyer at the stipulated price he was to receive a certain sum.

The plaintiff claims he had secured a buyer, according to the terms of the said written contract between himself and Mr. Stahl, who was able, ready, and willing to purchase the said property in accordance with the terms of the said written contract, but that the deceased defendant refused to sell. As a consequence, plaintiff now claims to be entitled to the amount he was to receive for the sale of said property, and brought suit for the collection thereof.

At the trial of this case, the plaintiff was unable to prove the signature to this contract and suffered a voluntary nonsuit without qualifications, that is, without leave to move the court to take it off.

The basis of the plaintiff's suit was his alleged written contract between himself and Mr. Stahl. If he was unable to prove this contract and offer it in evidence, his case was at an end. The plaintiff, being unable to prove the signatures to the written contract, realized that he was headed for a nonsuit and suffered a voluntary nonsuit without qualifications.

He was within his absolute right. He had a perfect right to discontinue his cause of action, and neither the defendant nor the court had anything whatsoever to do about it. It was entirely without the discretion of the court.

The plaintiff, in taking the voluntary nonsuit, preserves his right to start a new action. Had the plaintiff seen fit to append to his motion for a voluntary nonsuit a request for leave to move the court to take off the nonsuit, that motion would have involved the exercise of judicial discretion on the part of the court and would not be a matter of right. It would include something else than the declaration of the plaintiff's willingness to stop his action then pending. It would have been the duty of the court to take the matter under consideration in its entirety and consider the testimony taken.

If the nonsuit had been granted with leave to move the court to take same off, the case could have then been reinstated without bringing a new action. The motion would not have indicated such an abandonment by the plaintiff of his cause as is contemplated by the suffering of a nonsuit. Whether or not the

580

motion should have been granted under those circumstances would have been for the determination of the trial judge: Donosa v. Ueltzen, 97 Pa. Superior Ct. 556.

The plaintiff in this case, at the argument thereof, alleged surprise, but any surprise which the plaintiff may have suffered was a surprise of his own making. The plaintiff must have known that it would be necessary for him to prove his contract, which was the basis of his claim. Nor is the statute of limitations about to run on this cause of action, and plaintiff is still in a position in which he can, if he desires, start suit anew.

Where a plaintiff suffers a voluntary nonsuit without qualification he is out of court, and there is no way provided by law for his return, except by the bringing of a new action. Therefore, the rule to show cause why the voluntary nonsuit should not be taken off must be discharged.

And, now, August 5, 1933, the rule to show cause why the voluntary nonsuit suffered in this case should not be taken off is discharged at the cost of the plaintiff.