## David Magen, Builder, Inc., v. Price et al., Trustees

*Frank Fogel*, for plaintiff.
*Barnes, Myers & Price*, for defendants.

BROWN, J., July 27, 1939. — This case is before the court in banc on defendants' "motion for final decree".

The petition for declaratory judgment was filed on November 20, 1938, wherein it was averred, inter alia, that on August 29, 1938, an agreement was signed by petitioner and Philip Price, one of the three substituted trustees of the estate of Eli K. Price, deceased, all of whom were named as defendants, whereby petitioner agreed to purchase from the estate two lots or pieces of ground. Petitioner asked that a declaratory judgment or decree be entered declaring the agreement null and void for want of proper execution by defendants, and in the event that the court should decide that the agreement was valid and that plaintiff was without funds to pay the purchase price, that plaintiff was entitled to an extension of time for settlement.

An answer, signed by all three trustees, was filed on December 20, 1938, in which it was alleged, inter alia, that under an agreement dated April 5, 1938, between petitioner and defendants, the former agreed to purchase certain property from them; that thereafter the agreement of August 29, 1938, was entered into, under which petitioner agreed to buy an additional plot of ground, and that Philip Price executed this later agreement "with the full authority and consent of all the trustees of the Estate of Eli K. Price, deceased, and on their behalf as such trustees and on behalf of the said estate".

Petitioner demanded a jury trial of the issues of fact raised, in which demand defendants joined, and the case was tried before a jury on May 18 and 19, 1939.

During the trial, when it appeared that petitioner did not have sufficient money to make settlement for the properties, five months having elapsed since the date settlement was to have been made, the second prayer of the petition was abandoned, and the trial proceeded as to the first prayer, that is, that the agreement be declared null and void for want of proper execution by defendants.

When both sides rested, and the testimony was closed, there were no questions of fact to be submitted to the jury, and so a directed verdict was in order.

After the trial judge had stated to the jury the reasons for his conclusion that the agreement could not be declared void in this proceeding, he directed a verdict to be rendered in favor of defendants. But before the jury were asked whether they were ready to render a verdict, counsel for petitioner excepted to the charge, and moved "for the withdrawal of the petition", which, as he stated, might be tantamount to asking the trial judge "to dismiss the petition without prejudice". The trial judge refused to "make any such order", as well as to permit the action to be discontinued unless the costs were paid. As the amount thereof had to be determined, the effect of this ruling was the same as refusing to allow a discontinuance. Petitioner then suffered a voluntary nonsuit.

Five days later, defendants filed the "motion for final decree" which is now before us for determination. This motion is as follows: "AND NOW, to wit, this twenty-fourth day of May, 1939, the above matter having been heard before the Honorable Francis Shunk Brown, Jr., and a jury, and the Court, after hearing all the evidence, in which no disputed questions of fact were raised, having directed the jury to find in defendants' favor that the agreement of August 29, 1938, was valid, effective and binding upon the parties thereto, and thereupon the plaintiff's counsel having moved for the entry of a voluntary nonsuit, which motion was granted by the Court subject to the defendants' objection and exception, defendants by their attorneys, Barnes, Myers & Price, Esquires, move your Honorable Court to enter a final decree in their favor that the said agreement of August 29, 1938, was a valid agreement, effective and binding on the parties thereto and to this action, from the date of its execution."

The proceeding was brought under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72, and supplemented by the Act of May 22, 1935, P. L. 228. Demand for a jury trial of the issues of fact having been made in

both the petition and answer, as provided for in section 6 of the Act of May 22, 1935, P. L. 228, 12 PS §852, the provisions of section 9 of the Act of 1923, 12 PS §839, became applicable, that is, that such issues were to be "tried and determined in the same manner as issues of fact are tried and determined in other civil actions".

No authority for such a motion as defendants' "motion for final decree" in any civil action has been called to our attention, and in our own research we have been able to find none. The motion is, in effect, for judgment upon the whole record. Such a motion is authorized, however, in only two situations, i. e., when a jury has rendered a verdict, in accordance with the Act of April 22, 1905, P. L. 286, as amended, 12 PS §681, providing for motion "for judgment *non obstante veredicto* upon the whole record", and when "the jury have disagreed", under the Act of April 20, 1911, P. L. 70, 12 PS §684. But in the present case the jury neither rendered a verdict nor disagreed. Besides, these motions are both predicated on the trial judge's reservation or refusal of a point for binding instructions, and no point therefor was presented.

It is to be noted, too, that defendants' motion is for a decree that the "agreement of August 29, 1938, was a valid agreement, effective and binding on the parties thereto . . . from the date of its execution." No request for this was made by them, however, in their answer or at trial. Defendants might have included a prayer for such relief in their answer, or made application for a special verdict to that effect at trial. Due to the nature of the issue, a point for binding instructions, setting forth in detail the special verdict which they desired to have taken, might have been presented, but since this was not done, there is no basis for the present motion.

Furthermore, defendants' motion does not correctly set forth what actually occurred at the trial. The trial judge did not direct "the jury to find in defendants' favor that the agreement of August 29, 1938, was valid, effective and binding upon the parties thereto". At the conclusion of

his remarks to the jury, he ruled as follows: "This proceeding as it now comes to us for decision asks that a decree be entered declaring the agreement of August 29th, 1938, null and void for want of proper execution by the defendants. The agreement is not void, but only voidable, and therefore it cannot be declared void in this proceeding, and that is all we have before us. I therefore direct you to render a verdict in favor of the defendants."

The statement in the motion, "plaintiff's counsel having moved for the entry of a voluntary nonsuit, which motion was granted by the Court subject to the defendants' objection and exception", is also inaccurate. Petitioner's counsel stated: "The plaintiff suffers a voluntary nonsuit." Defendants' counsel then pointed out that "the direction of a verdict is sufficient to apprise the plaintiff, the party against whom it is directed, to know where he stands". The trial judge, having previously remarked that a voluntary nonsuit might be suffered, then said: "When a case is for the jury a party may suffer a voluntary nonsuit up until the time the verdict is to be rendered. I had finished my instructions to the jury. Of course counsel is entitled to take an exception to that, and at the time an exception was taken. A voluntary nonsuit has also been suffered." From this, it appears that the trial judge did not grant any motion, for none was made, and also that, even if the statement of defendants' counsel were construed as an objection, *no exception* was taken to petitioner's suffering the voluntary nonsuit.

It is thus apparent that defendants' motion should be dismissed. Not only is it without authority in law, but it is predicated on statements which are not substantiated by what took place at the trial.

No case has been cited to us, and we have been able to find none, where the question has been presented whether or not a voluntary nonsuit may be suffered after a jury has been directed to render a verdict. The rule is, as enunciated in cases where issues were to be or were submitted to the jury, that "under the law in Pennsylvania a plain-

tiff has the right to suffer a voluntary nonsuit at any time before the jury is ready to render its verdict": Axelrod et al. v. Howell, 328 Pa. 297, 298. "A plaintiff of right may take a nonsuit, at any time before the jury *announce* their readiness to deliver the verdict . . .": James et al. v. Bream et al., 263 Pa. 305, 310. (Italics supplied.) It has been the practice in this court for the crier to ask the jury in all cases, including those in which a verdict has been directed, "Have you agreed upon a verdict?" In the present case this question was not asked. True, the trial judge might have forced the jury to obey his instructions, if they had hesitated or refused to do so, but that point in the trial was not reached, and it is to be noted that no request was made on defendants' behalf that the verdict be taken as directed by the trial judge. The importance of this "formal inquiry" was emphasized in Easton Bank v. Coryell, 9 W. & S. 153, where it was stated, at page 154: "It is better to hold fast to the established criterion, whatever it may be, than introduce uncertainty by departing from it." We are not unmindful of defendants' suggestion that if this principle is applied in cases where a verdict has been directed, "the courts will be burdened with the trial of numerous cases which have already been disposed of." But it seems to us that this danger is more fanciful than real, for this is apparently the first case in which the question has arisen, and it is extremely doubtful that there will be many similar ones in the future. In any event, practical difficulties must yield to the rights of a party.

It is not now necessary, however, to decide whether or not a voluntary nonsuit may be suffered after a verdict has been directed and before the "formal inquiry" is put to the jury, because it is not properly before us, as we have already indicated.

Irrespective of whether or not the voluntary nonsuit was properly entered, the fact is that it still remains of record. By suffering it, petitioner took itself out of court,

and terminated the proceeding, subject to the possibility of the nonsuit being taken off. See 5 Standard Pennsylvania Practice, page 32. With the record in such a condition, the impropriety of entering an affirmative decree in defendants' favor is obvious.

Defendants did not file a motion to take off the voluntary nonsuit, though they might have done so. See 5 Standard Pennsylvania Practice, page 31. If such a motion had been granted, another trial would have been necessary. This result will occur, of course, if petitioner files another petition similar to this one or institutes any other proceeding in law or equity. Indeed, there is no practical difference, other than the filing of additional pleadings, for under Rule 2 (1) of the Courts of Common Pleas such new suit would, no doubt, be transferred to this Court, if it were not originally commenced herein. But defendants do not desire another trial, seeking to terminate the controversy on the present state of the record in this proceeding.

Section 6 of the Act of June 18, 1923, supra, as amended by the Act of April 25, 1935, supra, 12 PS §836, provides that relief by declaratory judgment or decree may be granted under the circumstances therein set forth when "the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding." In the present proceeding, not only the agreement of August 29, 1938, but also that of April 5, 1938, is involved, and the rights of the parties cannot be determined unless both are considered. Defendants' motion for a final decree is, however, limited to the later one, and does not contemplate an adjudication of the respective rights of the parties under the earlier one. We are not satisfied, therefore, that the proposed decree will terminate the controversy involved in this proceeding.

Accordingly, defendants' motion for final decree is dismissed.