## Cross's Estate.

Submitted September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Maurice P. Breene* and *Quincy D. Hastings,* for appellants.—The general rule in equity is that petitioners have the right at any time before final hearing and decree, upon payment of costs, to dismiss their bill without prejudice: Saylor's App., 39 Pa. 495; Alcorn v. Ward Co., 262 Pa. 136.

*G. G. Martin* and *Breene & Jobson,* for appellee.—The right to discontinue a suit or proceeding is not an absolute one, but must be with the permission of the court: Hall v. Vanderpool, 156 Pa. 152; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Davis v. Hillman, 281 Pa. 150; Bach v. Burke, 141 Pa. 649.

OPINION BY MR. JUSTICE MAXEY, November 28, 1932:

On November 5, 1931, appellants, Hoffman, Gibson and Forrester, filed a petition in the orphans' court for specific performance of an alleged contract for an extension of a lease, dated November 8, 1906, for oil and gas development purposes, this lease being held by them on lands in Venango County. Title to these lands had been for many years in Laura B. Cross. She died testate on February 9, 1931. By her duly probated will, title to these lands vested in Ella Cross Black. There was attached to the petition a copy of an alleged contract made in writing on November 23, 1915, for an extension of the term of the lease held by the petitioners.

Appellees denied all knowledge of this contract. On November 30, 1931, appellees issued a summons in equity in the court of common pleas under the Act of June 5, 1915, P. L. 847, against the appellants in a proceeding for discovery, and, on December 9, 1931, they filed a bill asking that an order of court be made requiring the petitioners to make discovery of this alleged contract or supplemental agreement, in aid of the appellees' defense in answer to the petition filed November 5th and asking that this alleged contract be impounded with the prothonotary for such a period of time as would be sufficient to enable the plaintiffs and their witnesses to inspect, examine and investigate the signatures purporting to be attached thereto. Endorsed on the bill was the following: "To the defendants within named: You are required within thirty days after the return day of the writ herein to file your demurrer or answer the bill. In default of compliance therewith the bill may be taken

pro confesso. [Signed] G. G. Martin, Breene & Jobson, attorneys for plaintiffs" (with address). While this endorsement was not in compliance with the form prescribed in Equity Rule No. 33, no question was raised in respect to it. It may also be stated parenthetically that it was unnecessary for appellees to go to the court of common pleas with their bill for discovery as they were already in the orphans' court and they could have availed themselves of the equity powers of the orphans' court to obtain the discovery desired.

Service of the writ and bill had been duly made upon all the parties by March 7, 1932. No demurrer or answer was filed by any of them. On March 21, 1932, præcipe for an order that the bill be taken pro confesso against H. E. Hoffman, who had been served on December 22, 1931, was filed, and ten days later præcipe for a similar order against Gibson and Forrester was filed. On April 5, 1932, a motion by attorneys for plaintiffs for final decree was filed and on the same day a decree was entered that the bill of complaint was taken as confessed and the defendants were directed and required to file with the prothonotary the agreement in writing under date of November 22, 1915, a purported copy of which was attached to the plaintiffs' petition for specific performance. It was further ordered that all proceedings on said petition to the orphans' court for a specific performance be stayed until further order of the court. On April 11, 1932, there was filed an affidavit of service of copy of final decree on each defendant. On April 18, 1932, exceptions were filed on the part of defendants to the decree, the exceptants alleging, inter alia, that there was "no obligation or reason for plaintiffs in bill of discovery to make answer to the petition filed in the orphans' court at No. 3, November Term, 1931, for specific performance because the exceptants had filed on March 9, 1932, a motion to withdraw the said petition and discontinue the action undisposed of by the court." It is the contention of the appellants that they are "en-

titled as a matter of course to dismiss" the petition they filed for specific performance on November 5, 1931, upon payment of costs, and that "the main cause being dismissed this cross bill for discovery would fall with it."

The judge of the orphans' court on January 18, 1932, ordered that the proceedings be stayed in the action for specific performance and the respondents be not required to file answer to the original petition until the termination of the proceedings for a bill for discovery in the court of common pleas, sitting in equity, or until the further order of this court. The court below held that the motion to withdraw the petition and discontinue the action filed on March 9, 1932, was a contravention of the order of the orphans' court filed January 18, 1932, directing that "proceedings be stayed."

Appellants contend that the error of the court below was first in compelling the appellants to pursue litigation which they wish to abandon; second, in entering a decree pro confesso against the appellants while the appellants were waiting on the court to decide and determine whether or not they were further required to litigate; third, in requiring appellants to produce something which might be impossible to produce, and making such a requirement by decree pro confesso while the defendants were awaiting the decision of the court before answering.

"Plaintiff has no absolute right at all times and under all circumstances to discontinue, dismiss, or take a nonsuit, but such right is often dependent upon the effect it has on the rights of defendant, or upon the application being made at the proper time, and the granting of leave to do so is often held to rest within the discretion of the court:" 18 C. J. 1148, section 5.

In Lamb v. Greenhouse, 59 Pa. Superior Ct. 329, 332, the Superior Court of Pennsylvania, in an opinion by President Judge RICE, said: "Whatever may be said as to the absolute right of a plaintiff to suffer a voluntary nonsuit, it cannot be said that he ever had an absolute

right, either at common law or by statute, to discontinue. Under all the decisions it is a privilege the exercise of which must in some way have the express or implied sanction of the court and which the court may grant or refuse at its discretion...... An application for leave to discontinue and an application to strike off a discontinuance entered without prior leave, are alike addressed to the discretion of the court and its action one way or the other is not ordinarily reviewable on appeal" (citing cases).

In 9 R. C. L. 197, section 11, is stated this principle: "And while it is the general rule that a complainant in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he cannot do so without an order of the court, this practice implying a certain discretion on the part of the court to refuse such order if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant."

In Hall v. Vanderpool, 156 Pa. 152, 154, 26 A. 1069, this court held in an opinion by Mr. Justice MITCHELL: "A discontinuance is in strict law only by leave of the court...... Its allowance was in the discretion of the court below and is not reviewable here."

In the case before us the appellants attempted to invoke the aid of the orphans' court to compel appellees to perform a contract affecting the possession of the latter's land. In the bill for discovery filed by the appellees they challenged the integrity of the alleged contract on which appellants based their claim of right in that land and asked for an opportunity to inspect the purported contract. In view of these facts the court below after the filing of the bill for discovery by the appellees, which under the circumstances was a natural result of appellants' bill for specific performance of the alleged contract, cannot be said to have abused its discretion in refusing the appellants leave to discontinue their suit.

The court below was justified in discharging the rule to show cause why the proceedings for specific performance of contract should not be discontinued.

The judgment is affirmed.