## Fontana's Estate

498

500

*John P. Jordan,* for exceptant; *Henry S. Drinker, Jr.,* contra.

STEARNE, J., March 22, 1935.—As we view the law, a claimant against the estate of a decedent has no absolute right to withdraw his claim, especially after a hearing, where such action may prejudice the rights of the estate. Permission to withdraw the claim rests within the sound discretion of the court. Cross's Estate, 309 Pa. 418, and Lamb v. Greenhouse, 59 Pa. Superior Ct. 329, cited by the auditing judge amply sustain his ruling. We are not persuaded that the auditing judge abused his discretion in declining permission to withdraw the claim. This claim was for payment of personal services alleged to have been rendered by the exceptant (a resident of Canada) to the decedent. Claimant's case was concluded on December 13, 1934. Counsel for the estate offered no testimony, manifestly relying upon his opinion that

the claimant's testimony was insufficient to establish the claim. On December 20, 1934, before an adjudication had been filed, claimant's Rhode Island attorney telegraphed the auditing judge that an administration d. b. n. c. t. a. had been raised in Rhode Island upon the estate of the decedent's mother, and that the Probate Court in Rhode Island should take jurisdiction of this claim. Subsequently, local counsel presented a petition for leave to withdraw the claim without prejudice. This the auditing judge declined.

The vice of claimant's position is that after he had been fully heard, manifestly realizing the weakness of his case, he concluded again to try his fortune in another State. Again to defend against the claim would require the inconvenience and expense of the estate going into another jurisdiction again to meet the same claimant and the same witnesses. This we consider most unjust and inequitable, especially since the claimant himself, in the first instance, selected this forum. We are at a loss to recognize how a claim against this decedent could be collected in a proceeding against the estate of decedent's mother. However, substance and not form must govern. In the circumstances of this case the charity ultimately sought to be charged is the same, and should not twice be subjected to the expense and inconvenience of defending the same claim.

For the reasons given, and under the authorities cited by the auditing judge, the exceptions are dismissed and the adjudication is confirmed absolutely.