ROWLEY, President Judge:
 

 This is a timely appeal by Square 106 Associates from the trial court’s order denying its claim against the estate of Harold R. Schmidt. Appellant has raised the following issues for our review:
 

 1) whether the orphans’ court division lacked jurisdiction because appellant never presented a claim in the estate proceeding;
 

 2) whether the orphans’ court division lacked jurisdiction because appellant withdrew all its filings prior to the audit;
 

 3) whether the orphans’ court division abused its discretion in striking appellant’s withdrawal of its claim; and
 

 4) whether, by adjudicating the instant claim, the orphans’ court division denied appellant due process of law and violated the preemption doctrine which arises from Art. VI, cl. 2 of the United States Constitution.
 

 Having carefully reviewed the record and considered the arguments presented, we affirm the order of the trial court.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 The complex factual and procedural history of the instant case, insofar as it is relevant to the issue before us, is as
 
 *356
 
 follows. On January 17, 1983, Square 106 Associates (“appellant”), a joint venture, leased office space in the District of Columbia to the law firm of Chapman, Duff & Paul. On February 28, 1985, the firm of Chapman, Duff & Paul entered into a “joint venture” with the law firm of Rose, Schmidt, Dixon & Hasley. The joint venture was known as Rose, Schmidt, Chapman, Duff & Hasley. However, relations between the two firms soured, and their joint venture was dissolved. Sometime thereafter, the Rose, Schmidt firm was renamed Rose, Schmidt, Hasley & Di Salle (RSH & DiS). Harold R. Schmidt was a partner in Rose, Schmidt, Dixon & Hasley; Rose, Schmidt, Chapman, Duff & Hasley; and RSH & DiS.
 

 Harold R. Schmidt died on June 10, 1989. His will was admitted to probate in the orphans’ court division of the court of common pleas of Allegheny County, Pennsylvania. The court issued letters testamentary to Barbara N. Schmidt Wickwire on June 16, 1989. On August 7, 1989, appellant filed a claim in the amount of $2,036,398.00 against Harold R. Schmidt’s estate (“Estate”) in the orphans’ court division of the court of common pleas of Allegheny County, Pennsylvania.
 
 [1]
 
 The claim, which was on a standard, preprinted form issued by the Allegheny County Register of Wills, stated as follows:
 

 Form 93 — O.C. Division
 

 IN THE COURT OF COMMON PLEAS ... OF ... ALLEGHENY COUNTY, PENNSYLVANIA ORPHANS’ COURT DIVISION
 

 
 *357
 
 IN RE: ESTATE OF HAROLD R. SCHMIDT (Deceased)
 

 NO. 3222 OF 1989
 

 CLAIM
 

 To the Clerk of Orphans’ Court Division:
 

 Index and make proper entry in your official records of the claim of The Square 106 Associates (Claimant) in the amount of $2,036,398.00 against the estate of the above named decedent. This claim is filed under Section 732(b)(2) of the Fiduciaries Act of 1949 as amended. The said decedent, who resided at 154 North Bellfield, Apt. 20, Pittsburg [sic], PA 15213, died on June 10, 1989.
 

 Written notice of this claim was given to J. Mark Munson of Rose, Schmidt, Hasley & DiSalle, counsel, on August 3, 1989.
 

 The amount of appellant’s claim reflected rent allegedly due under appellant’s lease of January 17, 1983, with the Chapman, Duff law firm.
 

 On August 14, 1989, appellant also filed a “complaint for breach” of the same lease in the Superior Court of the District of Columbia against the estate of Harold R. Schmidt; the estate of Michael W. Balfe, a former partner in the joint venture of Rose, Schmidt, Chapman, Duff & Hasley; and all present and former partners of Rose, Schmidt, Chapman, Duff & Hasley.
 

 The Executor of the Estate filed her account on December 1, 1989. Appellant filed objections to the account on January 5, 1990. In a letter dated January 16, 1990, five former partners of Harold R. Schmidt (the “Angel partners”)
 
 [2]
 
 notified the Estate in a letter, pursuant to 20 Pa.C.S.A. § 3384,
 
 [3]
 
 of their claims for indemnification and/or
 
 *358
 
 contribution against the Estate in the event that appellant prevailed against them in its District of Columbia lawsuit. The letter was written by Stanley R. Geary, Esq, an Angel Partner, and was sent to Richard Di Salle, Esq., counsel for the Estate.
 
 [4]
 

 The Executor’s account was called for audit on January 17,1990, at which time appellant filed a petition for continuance of the audit pending resolution of the litigation in the District of Columbia. This petition was denied, but the parties consented to an order which continued the audit pending the return of Judge Schwartz, who was on vacation. At a conciliation conference held with Judge Schwartz on March 6, 1990, appellant again requested that the orphans’ court division stay distribution of the estate pending the disposition of the proceedings in the District of Columbia action. The trial court refused to stay distribution.
 

 On March 14, 1990, appellant filed a notice of withdrawal of its claim. At a conference on March 21, 1990, the Estate requested that the court strike the withdrawal. On March 22, 1990, the court stated that it would strike the withdrawal and order a hearing on the merits of appellant’s claim against the Estate on March 26, 1990.
 
 [5]
 
 N.T. 3/22/90, at 2. Appellant’s attorney noted his exceptions to the order and informed the court that he was not authorized by appellant to attend the hearing on the merits of appellant’s claim against the Estate.
 

 In a letter dated March 26, 1990, former partners of the decedent, who are currently partners in the law firm of RSH & DiS (“the RSH & DiS partners”) notified counsel for
 
 *359
 
 the Estate, pursuant to 20 Pa.C.S.A. § 3384, of their contingent claims for indemnity and/or contribution in the event that appellant prevailed against them in its District of Columbia lawsuit.
 

 Present at the March 26, 1990 hearing on the merits of appellant’s claim against the Estate were counsel for the Estate, counsel for the Angel partners, and counsel for the the RSH & DiS partners. Neither appellant nor its counsel was present. After listening to the uncontradicted testimony of the Estate, the trial court, in an order entered on July 12, 1990, denied appellant’s claim against the Estate. The Order provides as follows:
 

 ORDER OF THE COURT
 

 AND NOW, this 12[th] day of July, 1990, it is ORDERED, ADJUDGED and DECREED that the Claim of Square 106 Associates against the Estate of Harold R. Schmidt, Deceased is denied.
 

 Order, 7/12/90.
 
 [6]
 

 Appellant filed exceptions to the order of July 12, 1990. In the exceptions, appellant stated that the orphans’ court division lacked jurisdiction to adjudicate the merits of appellant’s claim. Appellant further contended that the court’s jurisdiction was limited to deciding whether to order immediate distribution of the Estate’s assets or to defer distribution pending the resolution of the litigation in the District of Columbia. On October 2, 1990, the orphans’ court division entered an
 
 en banc
 
 order dismissing appellant’s exceptions and “affirming” the orders of March 22, 1990 [striking Appellant’s “withdrawal” of its claim] and July 12, 1990.
 
 *360
 
 Appellant filed the instant appeal from the order of October 2, 1990.
 

 In this appeal, appellant contends that the trial court abused its discretion in striking the withdrawal of its claim because permitting the withdrawal of appellant’s claim “would have left the Estate available for distribution to the beneficiaries free of all claim of Square 106 to share in the Estate assets.” Appellant’s Brief, at 27.
 

 II. JURISDICTION
 

 A. PRESENTING CLAIM
 

 Appellant first argues that the orphans’ court division lacked jurisdiction over appellant’s claim against the Estate, because appellant never submitted the merits of its claim for the orphans’ court division’s determination. In support of this contention appellant asserts that 1) the document filed on August 7,1989 was merely a notice of the existence of a claim and, as such, did not commence an action; 2) appellant did not present its claim for audit; and 3) the proper forum for addressing the Estate’s liability to appellant was the District of Columbia.
 

 Appellant asserts that the form filed on August 7, 1989 was not a claim against the Estate, but, rather, a notice of the existence of a claim pursuant to 20 Pa.C.S.A. § 3532(b)(2), which provides as follows:
 

 (b) Rights of claimants against distributed property.
 

 (2) Real property. No claimant shall have any claim against real property conveyed by a personal representative in distribution at his own risk pursuant to subsection (a) hereof, unless such claimant, within one year after the decedent’s death, files a written notice of his claim with the clerk. Such claim against real property shall expire at the end of five years after the decedent’s death, unless within that time the personal representative files an account or the claimant files a petition to compel an accounting.
 

 
 *361
 
 20 Pa.C.S.A. § 3532(b)(2). According to appellant, since the form filed on August 7, 1987 was merely a notice of a claim, it did not commence an action. The issue before this Court is not whether the form filed by appellant commenced a cause of action. Rather, the issue is whether the orphans’ court division had jurisdiction to decide the merits of appellant’s claim against the Estate.
 

 The orphans’ court division of the court of common pleas has jurisdiction over the administration and distribution of a decedent’s estate.
 
 Estate of Stephenson,
 
 469 Pa. 128, 364 A.2d 1301 (1976); 20 Pa.C.S.A. §§ 711(1), 762. In the instant case, the claim for $2,036,398.00 against the Estate, which was filed with the orphans’ court division on August 7, 1987, made no mention of the District of Columbia action. Indeed, the District of Columbia action had not yet been instituted when appellant filed its claim with the orphans’ court division. By filing the claim on August 7, 1987, appellant raised a factual issue concerning the distribution of the estate of Harold R. Schmidt. The orphans’ court division of the court of common pleas had jurisdiction to resolve this issue.
 

 Appellant also contends that the orphans’ court division lacked jurisdiction to adjudicate the merits of appellant’s claim because appellant did not present its claim at the audit. The Probate Code provides as follows:
 

 § 3386. Failure to present claim at audit
 

 If any claimant whose claim is not reported to the court by the personal representative as an admitted claim shall fail to present it at the call for audit or confirmation, he shall not be entitled to receive any share of the real and personal estate distributed pursuant to such audit or confirmation, whether the estate of the decedent be solvent or insolvent.
 

 20 Pa.C.S.A. § 3386. In the instant case, however, appellant did not fail to present its claim at the call for audit by failing to appear. Instead, appellant filed objections to the Estate’s account on January 5, 1990. Appellant also appeared at the call for audit on January 17, 1990, and
 
 *362
 
 petitioned the orphans’ court division for a continuance of the audit. When the court refused to continue the audit pending resolution of litigation in other courts, appellant consented to an order which continued the audit pending the return of Judge Schwartz, who was on vacation. Since appellant appeared at the call for audit and consented to a continuance, the orphans’ court division did not err in concluding that it possessed jurisdiction to adjudicate appellant’s claim.
 

 Appellant further contends that the proper forum for addressing the merits of the Estate’s liability to appellant was in the action brought in the District of Columbia. The Probate Code provides for claims which are being litigated in other forums as follows:
 

 § 3389. Claims subject to litigation in other courts.
 

 When any claim not proved in the orphans’ court division is being litigated in any other division or court, State or Federal, having jurisdiction thereof, the court may make such provision for the distribution or satisfaction of the claim as shall be equitable.
 

 20 Pa.C.S.A. § 3389. Appellant recognizes that, as a claimant against the Estate, it had two options: 1) to prove its claim in the District of Columbia and ask the orphans’ court division to defer distribution
 
 {See
 
 20 Pa.C.S.A. § 3389); or 2) to present and seek to prove its claim at the Estate’s audit in the orphans' court division
 
 {See
 
 20 Pa.C.S.A. § 3386). Appellant’s Brief, at 10. Appellant acknowledges that, under this second option, a creditor
 

 may ignore the existence of the
 
 res
 
 and litigate elsewhere any claims he may have against the estate---- His ability to satisfy out of the estate assets any judgment thereby obtained will be eliminated if the estate is distributed in the meantime____
 

 Appellant’s Brief, at 9-10. In the instant case, however, appellant did not ignore the existence of the
 
 res.
 
 Nor did appellant merely file a request. that the orphans’ court division postpone distribution pending the resolution of the District of Columbia action. Rather, appellant filed a claim
 
 *363
 
 against the Estate. Furthermore, at the time when appellant filed its claim against the Estate, no litigation was pending in the District of Columbia. For the foregoing reasons, the orphans’ court division did not abuse its discretion in concluding that appellant had presented a claim over which the orphans’ court division had jurisdiction.
 

 B. WITHDRAWAL
 

 Appellant next contends that the orphans’ court division lacked jurisdiction because appellant withdrew its claim prior to the audit. This contention is without merit, because the orphans’ court division struck appellant’s withdrawal on March 22, 1990. However, appellant asserts that 1) it could withdraw without leave of court and, therefore, the trial court’s action in striking the withdrawal was nugatory; and 2) by not appearing at the hearing, appellant nonsuited its own claim.
 

 1. Leave of Court
 

 Appellant supports its argument, that it could withdraw without leave of the court, and that, therefore, the trial court’s striking of the withdrawal was nugatory, by relying on the case of
 
 Haviland v. Fidelity Ins. Trust & Safe Deposit Co.,
 
 108 Pa. 236 (1885). In
 
 Haviland,
 
 a creditor initially presented three claims against an estate. Thereafter, the creditor sought to withdraw one of the claims. The court disallowed the withdrawal and, subsequently, disallowed the claim against the estate. The creditor brought the same claim in a subsequent action at common law against the executor, who filed a demurrer. On appeal, the Court held that the plaintiff could properly withdraw and, therefore, the court’s disallowance of the claim was nugatory and did not affect the instant action. The Court also noted that rules of practice and procedure in the court of common pleas were of no force in the orphans’ court, because the two courts were separate and there were no pleadings in the process of distribution.
 
 Id.,
 
 108 Pa. at 243.
 
 Haviland
 
 is distinguishable from the instant case. In
 
 *364
 

 Haviland,
 
 no action was pending in another forum when the plaintiff withdrew. In the instant case, although appellant sought to withdraw its claim in the orphans’ court division, it was not willing to discontinue its action against the Estate in the District of Columbia. Further, two later cases, unlike
 
 Haviland,
 
 indicate that the orphans’ court may disallow withdrawal.
 

 In
 
 In re Cross’ Estate,
 
 309 Pa. 418, 164 A. 516 (1932), on which the Estate relies, the plaintiffs filed a petition in the orphans’ court for specific performance of an alleged contract. The defendants denied knowledge of the contract and filed a bill for discovery of the contract. A writ was issued, and the writ and bill were served on the plaintiffs, who failed to file an answer. Subsequently, a decree was entered in which the bill was taken as confessed and the proceedings in the orphans’ court were stayed. The plaintiffs filed exceptions to the decree in which they averred that they were not obligated to file an answer to the bill of discovery because they had withdrawn their petition for specific performance. The court denied plaintiffs’ exceptions, and plaintiffs appealed. On appeal the Court held that the trial court did not abuse its discretion in refusing to allow plaintiffs to discontinue their suit.
 

 In
 
 Fontana’s Estate,
 
 22 Pa. D. & C. 496 (1934), a creditor brought a claim against the decedent’s estate in the orphans’ court of Philadelphia county, Pennsylvania. While the auditing judge was waiting for the parties’ briefs, he received a telegram stating that the probate court in Rhode Island should take jurisdiction of the creditor’s claim. Subsequently, the creditor filed a petition to withdraw his claim in the orphans’ court of Philadelphia county. The auditing judge, noting that
 
 Haviland
 
 and
 
 Cross
 
 were not in harmony, concluded that
 
 Haviland
 
 expressed the law of fifty years ago, while
 
 Cross
 
 expressed the law of 1934. In accordance with the decision in
 
 Cross,
 
 the auditing judge concluded:
 

 [A] claimant who has presented a claim before an auditing judge, whose evidence has been submitted to the
 
 *365
 
 auditing judge, may not withdraw his claim without leave of court.
 

 Fontana,
 
 at 500. The trial court affirmed the adjudication of the auditing judge, and, citing
 
 In re Cross’ Estate,
 
 309 Pa. 418, 164 A. 516 (1932), and
 
 Lamb v. Greenhouse,
 
 59 Pa.Super. 329 (1915), held:
 

 [A] claimant against the estate of a decedent has no absolute right to withdraw his claim, especially after a hearing, where such action may prejudice the rights of the estate. Permission to withdraw the claim rests within the sound discretion of the court.
 

 Fontana,
 
 at 500. The court reasoned that the estate would have been prejudiced if the auditing judge had allowed the claimant to withdraw his claim.
 

 The vice of claimant’s position is that after he had been fully heard, manifestly realizing the weakness of his case, he concluded again to try his fortune in another State. Again to defend against the claim would require the inconvenience and expense of the estate going into another jurisdiction again to meet the same claimant and the same witnesses. This we consider most unjust and inequitable, especially since the claimant himself, in the first instance selected this forum.
 

 Fontana,
 
 at 501. Although
 
 Fontana
 
 is not binding on this Court, we find its reasoning to be persuasive. In the instant case, as in
 
 Cross
 
 and
 
 Fontana,
 
 appellant presented evidence to the orphans’ court before seeking to withdraw. Appellant filed its claim, filed objections to the Estate’s account and audit, and attended a conciliation conference. Accordingly, the determination of whether or not to allow appellant to withdraw was within the discretion of the orphans’ court division.
 
 [7]
 

 
 *366
 

 2. Nonsuit
 

 Appellant also argues that the trial court could not reach the merits of appellant’s claim against the Estate because, by not appearing at the hearing, appellant nonsuited its claim under Rule 230 of the Pennsylvania Rules of Civil Procedure. Under the Rules of Civil Procedure, a party’s “failure to appear when the case is called for trial does not result in a voluntary nonsuit under Rule 230, but rather a nonsuit under Rule 218.” 1 Goodrich-Amram 2d § 230:2 (1991);
 
 Farabaugh Chevrolet-Oldsmobile, Inc. v. Covenant Management, Inc.,
 
 361 Pa.Super. 234, 522 A.2d 100 (1987). Rule 218 provides as follows:
 

 Rule 218. Party Not Ready When Case is Called for Trial
 

 When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the court’s own motion. If without satisfactory excuse a defendant is not ready, the plaintiff may proceed to trial.
 

 The language of Rule 218 is precatory, as opposed to mandatory, indicating that Rule 218 does not provide the exclusive procedures to be followed when a party is not ready for trial. Also, the word “plaintiff” as used in Rule 218 “should be construed as referring to the moving party whether that party be the plaintiff prosecuting his or her original claim or a defendant prosecuting a counterclaim.” 1 Goodrich-Amram 2d § 218(a):l. In the instant case, appellant, as a claimant against the Estate, stood in the position of a plaintiff.
 

 The orphans’ court division may enter a nonsuit in the same manner as in an action at law. 20 Pa.C.S.A. § 779(a).
 
 [8]
 

 § 779. Nonsuits
 

 
 *367
 
 (a) In general. The orphans’ court division may enter a nonsuit under the same circumstances, subject to review in the same manner and with the same effect as in an action at law.
 

 (b) Will contest. A nonsuit may be entered against a contestant in a will contest whenever the contestant has the burden of overcoming the presumption of validity arising from due proof of execution as required by law and the contestant has failed to satisfy that burden.
 

 (c) Other cases. In any other case a nonsuit may be entered against a party where the disposition of the case depends on an issue on which that party has the burden of proof and has failed to satisfy that burden.
 

 20 Pa.C.S.A. § 779. The Official Comment to this section states that “the use of nonsuits when appropriate will avoid unnecessary delay in proceedings brought in the orphans’ court division.” 20 Pa.C.S.A. § 779, Official Comment— 1974. In light of the Estate’s failure to request a nonsuit; the orphans’ court division’s interest in judicial economy and avoiding unnecessary delays (See Pa.C.S.A. § 779; Pa. O.C.R. 2.1); and the fact that appellant now contends that the Estate should be made available for distribution to the beneficiaries free of all claim of appellant to share in the Estate assets (Appellant’s Brief, at 27), we conclude that the trial court did not err in adjudicating appellant’s claim instead of entering a nonsuit or a judgment of non pros.
 

 III. STRIKING WITHDRAWAL
 

 Appellant next argues that the orphans’ court division abused its discretion in striking appellant’s withdrawal. In deciding to strike off appellant’s withdrawal, the trial court considered the following factors: 1) appellant’s refusal to withdraw its claim against the Estate in the District of Columbia; 2) the delay in distribution caused by proceedings involving appellant’s claim in the orphans’ court; 3) the interest of the orphans’ court in the prompt distribution of estates; 4) the unjustness to the beneficiary in further delaying distribution; and 5) the inconvenience to the Es
 
 *368
 
 tate, Angel claimants and RSH & DiS partners in re-litigating appellant’s claim in the District of Columbia.
 
 See
 
 T.C.Op. 7/12/90, at 2-4, 8-9. The trial court concluded that appellant’s withdrawal would prejudice the Estate, the Angel claimants, and the RSH & DiS partners. T.C.Op. 7/12/ 90, at 4. As noted above, appellant filed its claim on August 7, 1989. Appellant filed objections to the Estate’s accounting and audit, and requested and attended a conciliation hearing. Not until March 14, 1990 did appellant attempt to withdraw its claim. The trial court properly concluded that the Estate would be prejudiced by appellant’s withdrawal. Finding no abuse of discretion, we affirm the trial court’s order striking appellant’s withdrawal.
 

 IV. CONSTITUTIONAL ARGUMENTS
 

 Appellant argues that, by adjudicating the merits of appellant’s claim, the orphans’ court division 1) violated the Preemption Clause of the United States Constitution by depriving appellant of its right to remove the dispute to federal court; and 2) denied appellant due process because appellant was afforded no notice that, by filing a claim, it would become a “claimant” on the merits. Since appellant failed to raise these arguments in its exceptions and, instead, raises them for the first time on appeal, they have been waived. Pa.R.A.P. 302(a);
 
 In re Abrams’ Estate,
 
 419 Pa. 92, 98, 213 A.2d 638, 641 (1965);
 
 DeMatteis v. DeMatteis,
 
 399 Pa.Super. 421, 435-36, 582 A.2d 666, 673 (1990). Appellant argues that, although these arguments were not raised in its exceptions, they were mentioned in appellant’s brief in support of its exceptions. In the orphans’ court division, “issues not included in exceptions or petitions will not be preserved by virtue of their having been argued in the supporting brief or at oral argument.”
 
 In re Trust of Bachman,
 
 338 Pa.Super. 546, 551, 488 A.2d 27, 29 (1985). For the foregoing reasons, the order of the orphans’ court division is affirmed.
 

 We affirm the order of the orphans’ court division rather than the opinion in support thereof.
 

 
 *369
 
 Upon appellate review we are not bound by the reason or reasons advanced by the court below in support of a judgment or order for it is the judgment or order itself which is the subject of review.
 

 Hader v. Coplay Cement Mgf. Co.,
 
 410 Pa. 139, 145, 189 A.2d 271, 274 (1963).
 
 See also
 
 17 Std.Pa.Prac.2d § 92:47. At the hearing on the merits of appellant’s claim against the Estate, appellant did not appear and, thus, no evidence was presented to support its claim. The orphans’ court division accordingly entered an order denying appellant’s claim against the Estate. Since appellant’s claim against the Estate was properly denied by the orphans’ court, the order of the orphans’ court is affirmed. The orphans’ court division is free to continue with Estate proceedings, including distribution, free and clear from any claim by appellant against the Estate.
 

 Order affirmed. Case remanded. Jurisdiction relinquished.
 

 [1]
 

 . Various other actions were filed in the orphans’ court division and in the the court of common pleas of Allegheny County and were removed to the United States District Court for the Western District of Pennsylvania. However, these other actions are not relevant to our disposition of the issues before us in this appeal.
 

 [2]
 

 . These former partners are Margaret B. Angel, Stanley R. Geary, R. Henry Moore, Henry Ingram and Thomas C. Reed.
 

 [3]
 

 . § 3384. Notice of claim
 

 
 *358
 
 (a) Written notice. Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations.
 

 [4]
 

 . None of the Angel Partners was a partner in the decedent's law firm at the time appellant’s cause of action arose.
 

 [5]
 

 . The court stated: "In the interest of judicial economy, I am going to strike the notice of withdrawal and order the matter to be heard on Monday, March 26, 1990, at 1:30 p.m." N.T. 3/22/90, at 2. However, no written order was filed in the record certified to this Court. Nonetheless, we note that all parties have proceeded as if the order striking the withdrawal had been reduced to writing and filed.
 

 [6]
 

 . In its opinion in support of the order, the court made the following statement: “There was no valid assignment of the Lease to the Venture and, therefore, there is no liability of either the Venture or the Schmidt Estate.” On appeal appellant has not raised, as an issue, the question of whether the trial court erred in its conclusion regarding the validity of the assignment. Appellant’s sole claim in this appeal, though expressed in a variety of ways, is that the trial court erred in entertaining and adjudicating its claim, contrary to its wishes. Therefore, we express no opinion as to the correctness of the decision made by the trial court on the merits of the underlying claim.
 

 [7]
 

 .
 
 See also
 
 Rule 229(c) of the Pennsylvania Rules of Civil Procedure, which authorizes a trial court to "strike off a discontinuance to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229.
 

 [8]
 

 . Also, Orphans’ Court Rule 3.1 states that, except where provided otherwise, pleading and practice in orphans’ court shall conform to pleading and practice in equity. Rule of Civil Procedure 1512 provides that nonsuits in equity are to be entered and reviewed in the same manner as in actions at law. Rules of Civil Procedure 218 and 230-231 refer to nonsuits at law.