Eva A. BOWDOIN,

v.

Harry M. DECKMAN, Jr., as Executor of the Estate of William R. Trommer, Deceased.

No. CIV. A. 97–6471.

United States District Court, E.D. Pennsylvania.

March 19, 1998.

Honor L. Barrett, Wilmington, DE, for Plaintiff.

Kelly C. Wall, Norristown, PA, for Defendant.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff Eva A. Bowdoin seeks to obtain a $423,229 judgment against the estate of her former husband William R. Trommer for unpaid child support due pursuant to a Separation Agreement incorporated into a September 10, 1971 decree of a Massachusetts Probate Court. Decedent's estate is currently being administered under the jurisdiction of the Orphans' Court Division of the Court of Common Pleas of Bucks County, Pennsylvania ("Orphans' Court"). Before the court are the motions of the defendant executor to dismiss for lack of subject matter jurisdiction or alternatively "to stay the federal action pending disposition of the state court action."

It is undisputed that the citizenship of the parties is diverse, with the amount in controversy exceeding $75,000, inclusive of interest and costs. *See* 28 U.S.C. § 1332. Nonetheless, defendant argues that this action involves a probate matter outside of our jurisdiction. While it is true that a federal court may not probate wills, administer estates, or control property in the custody of a state court, it does have the power to entertain suits by creditors and heirs to establish their claims against an estate. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946). *See also Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). This is the gravamen of the present action. Accordingly, we will deny defendant's motion to dismiss for lack of subject matter jurisdiction.

We now turn to defendant's motion for a stay. He argues that this court should abstain under the principles of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under that decision, in order for a federal court to exercise its discretion to dismiss or stay an action, there must be a pending state court proceeding involving the same claims and parties or at least "nearly identical allegations" and parties who are "essentially identical." *Trent v. Dial Medical of Florida, Inc.,* 33 F.3d 217, 224 (3d Cir.1994).

William Trommer died testate on October 21, 1996. Soon thereafter, the Register of Wills of Bucks County issued letters testamentary to defendant as executor of the Estate of William R. Trommer, Deceased.[1]

---

1. The Register of Wills is a quasi-judicial officer, and his probate of a will and granting of letters testamentary to a personal representative are judicial acts. *See* 20 Pa. Cons.Stat. Ann. § 901; *In*

On July 1, 1997, before this federal action was instituted, plaintiff gave defendant as executor a written notice of a claim against the estate in the amount of $423,229 for unpaid child support owed as a result of the September 10, 1971 court order. Plaintiff's notice was simply a first step under the Pennsylvania Decedents, Estates, and Fiduciaries Code, 20 Pa. Cons.Stan. Ann. § 3384, in pursuing a claim against a decedent's estate. Under state law, the Orphans' Court has jurisdiction to determine the validity of plaintiff's claim and decide on the distribution of the assets of William Trommer's estate.[2] 20 Pa. Cons.Stat. Ann. § 711(a). *See In re Estate of Schmidt,* 408 Pa.Super. 353, 596 A.2d 1124, 1128 (1991), *aff'd* 533 Pa. 86, 619 A.2d 1058 (1993).

■ The threshold requirements of *Colorado River* have been met. Plaintiff's claim in this court is identical to her probate claim and the parties are the same in both proceedings. However, in determining whether we should exercise our discretion to abstain, we must also consider the following factors:

(1) Which court first assumed jurisdiction over property involved, if any;

(2) Whether the federal forum is inconvenient;

(3) The desirability of avoiding piecemeal litigation;

(4) The order in which the respective courts obtained jurisdiction;

(5) Whether federal or state law applies; and

(6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

*See Trent,* 33 F.3d at 225.

The plaintiff first submitted her claim against William Trommer's Estate to the duly appointed executor under the jurisdiction of the Orphans' Court. Plaintiff formally initiated her claim with the executor in accordance with § 3384 of the Decedents, Estates and Fiduciaries Code on July 1, 1997 while she did not commence the action in this court until several months later, on October 20, 1997. This sequence of events, if anything, points in favor of abstention.

■ We turn next to the desirability of avoiding piecemeal litigation. This factor is met only when there is "a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson,* 115 F.3d 193, 198 (3d Cir.1997). The Supreme Court, in *Ankenbrandt,* reiterated well established precedent that the federal courts have no statutory authority to exercise diversity jurisdiction over suits for divorce, alimony, or child custody. 504 U.S. at 703. However, the so-called domestic relations exception to our diversity jurisdiction does not prohibit enforcement of validly obtained final orders for payment of alimony or of other such orders or marital contracts. *Id.* at 701–02. Here the essence of plaintiff's claims is for the collection of money due pursuant to a contract entered into by plaintiff and decedent and incorporated into a divorce decree. This action is within our diversity jurisdiction, and no "strong federal policy" exists that such claims should be tried in the state courts. *Ryan,* 115 F.3d at 198; *see also Ingersoll–Rand Fin. Corp. v. Callison,* 844 F.2d 133, 137 (3d Cir.1988). *See Ankenbrandt,* 504 U.S. at 701–04. We conclude that the defendant has not met the test with respect to piecemeal litigation.[3]

It is undisputed that state, and not federal, law applies. Nonetheless, the Court of Appeals in *Ryan* has cautioned that this factor

re Estate of Loudenslager, 430 Pa. 33, 240 A.2d 477, 480 (1968).

**2.** The defendant will prepare an account, which will deal with this claim as well as those of other creditors, and will submit the account for audit and confirmation by the Orphans' Court. *See* 20 Pa. Cons.Stat. Ann. §§ 3501.1 and 3511, 3513–14.

**3.** Pennsylvania law recognizes that a claim against an estate may be litigated in forums other than in the Orphans' Court. Section 3389 of the Decedents, Estates, and Fiduciaries Code provides:

When any claim not proved in the orphans' court division is being litigated in any other division or court, State or Federal, having jurisdiction thereof, the court may make such provision for the distribution or satisfaction of the claim as shall be equitable.

20 Pa. Cons.Stat. Ann. § 3389.

does not tip the scales in favor of abstention absent "a skein of state law so intricate and unsettled that resolution in the state courts might be more appropriate." 115 F.3d at 200. If the rule were otherwise, the *Colorado River* exception would swallow up the rule that federal courts have "a virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. While some state law issues here may be unsettled, they are not intricate.

We are confident, and nothing has been advanced to the contrary, that the Orphans' Court of Bucks County will adequately protect the rights of Ms. Bowdoin and her children. Under the reasoning of *Ryan*, however, even if the state court is adequate, it is of little persuasive value in favor of abstention. 115 F.3d at 200.

This leaves the matter of convenience. The federal courthouse in Philadelphia is only some 34 miles from Doylestown, the county seat of Bucks County. The convenience factor weighs against abstention.

The Supreme Court has declared that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" allows us to abstain when the criteria of *Colorado River* are met. 424 U.S. at 817. Yet, *Ryan* and other cases teach us to exercise abstention sparingly. Plaintiff has timely exercised her option, explicitly recognized even under the Pennsylvania Decedents, Estates, and Fiduciaries Code, to litigate her claim in the federal court, rather than in the Orphans' Court. 20 Pa. Const. Stat. Ann. § 3389. Plaintiff should not be blocked from proceeding in this forum simply because she has protected herself by first giving notice to the executor in accordance with the easy procedure provided under Pennsylvania law.

The factors weigh overwhelmingly against abstention. Under all the circumstances, we will allow this action to proceed. The motion of defendant for a stay will be denied.

### ORDER

AND NOW, this day of March, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant to dismiss for lack of subject matter jurisdiction is DENIED; and

(2) the motion of defendant to stay this action is DENIED.