J-S36013-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ESTATE OF HELEN A. GOODMAN  ALBIE E. GOODMAN, JR. AND SUZANNE STITT | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MATTHEW A. GOODMAN | : : | No. 304 WDA 2020 |
| Appellant | : | |

Appeal from the Order Entered January 30, 2020
In the Court of Common Pleas of Armstrong County Orphans' Court at
No(s):  03-17-0380

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    FILED AUGUST 26, 2020

Appellant, Matthew A. Goodman, appeals from the January 30, 2020 order overruling his objections to the first and final account of the Estate of Helen A. Goodman ("the Estate").  We affirm.

The orphans' court accurately summarized the relevant factual and procedural history of this case as follows.

> Helen A. Goodman [the ("Decedent")] died testate on [June 17, 2017].  Letters of administration . . . were granted by the Register of Wills to Albie E. Goodman, Jr., [("Goodman")], [Appellant], and Suzanne Stitt [("Stitt")] on November 30, 2017.  [Appellant, Goodman, and Stitt] are [Decedent's] three children and the sole remaining beneficiaries under her will [as] her husband [] predeceased her in 2006.  At the time of her death, [Decedent] owned a parcel of real property located at 109 Iron Works Street, Kittanning, Armstrong County, Pennsylvania (the "Property").

_____

[*] Retired Senior Judge assigned to the Superior Court.

She also [] possessed certain liquid assets in checking and wealth management accounts[.]

On November 21, 2018, [Goodman and Stitt, (collectively, "Appellees")] filed a petition to direct the Estate to sell [the Property] to [Goodman]. Attached to the petition [was] a mutual family agreement ("Family Agreement") executed among the three beneficiaries[, which addressed several outstanding issues.]

By orders entered [on] February [5], 2019, and March 1, 2019, the [orphans' c]ourt ordered the Estate to conduct among the three beneficiaries a private sale of the Property by sealed bids. [Appellees] together submitted the highest bid, and the Property thereafter was conveyed to them. [Appellees then] filed a first and final account and petition for adjudication/statement of proposed distribution pursuant to Pa.O.C. Rule 2.4 on [September 4, 2019,] which accounted for [the] Estate's] administration through August 30, 2019 (the "Account"). Thereafter, on September 19, 2019, [Appellant] filed objections to [the] Account and [an] answer to [the] petition for adjudication. [Appellant] lodged the following objections: 1) that [Goodman] owe[d] rent to the Estate, to be distributed among the three beneficiaries, [] [for the] period of time that he resided on the Property after [the Decedent's] death; 2) the Account improperly included attorney's fees for work done on behalf of [the] individual heirs rather than only for work that benefitted the Estate; and 3) that the Account fail[ed] to both include the value of [the Decedent's] personal property and provide for the return [of Appellant's] personal property.

[Appellees] filed a response to [Appellant's] objections, [and] attached [four] sworn affidavits in which they represented that [Goodman] resided on the Property at [the Decedent's] request and with her consent at the time of her death[. The Appellees also averred that they had no desire to withhold the Decedent's personal property and, if Appellant so desired, he could retain any items of the Decedent's personal property, together with any value they had, at any time.]

Orphans' Court Opinion, 3/11/20, at *1-4 and *6. (un-paginated) (footnotes and superfluous capitalization omitted).

Thereafter, the orphans' court entered an order scheduling a hearing on Appellant's objections for November 14, 2019. Orphans' Court Order, 10/17/19, at 1. Prior to the hearing, Appellant's counsel filed a motion to compel discovery and a motion for a continuance. The orphans' court granted Appellant's motion to compel discovery, but denied his motion for a continuance. The court conducted a partial hearing on November 14, 2019. During the hearing, Appellees' counsel reiterated that Appellees would relinquish all of the Decedent's personal property to Appellant. N.T. Hearing, 11/14/19, at 6-7. Thereafter, Appellant's counsel again requested a continuance. Id. at 26. This time, the court granted Appellant's request and rescheduled the hearing. Orphans' Court Order, 11/15/19, at 1. The court conducted a hearing on January 13, 2020, but ultimately overruled Appellant's objections in full on January 30, 2020. Orphans' Court Opinion and Order, 1/30/20, at 1-6. This timely appeal followed.[1]

Appellant raises the following issues on appeal:

  I.  Did the [orphans' court] err in entering an order of distribution whe[n] no account was filed in the [E]state, and whe[n Appellees] failed to list all the assets being distributed?

  II. Did the [orphans' court] err in failing to include in its order of distribution the [D]ecedent's personal property to be distributed to [Appellant] where there was an admission, made in open court by [Appellees'] counsel, that no personal property list [was] filed,

_____

[1] Appellant filed a notice of appeal on February 6, 2020. On February 12, 2020, the orphans' court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The orphans' court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 11, 2020.

but that [they] agreed to distribute all of the personal property, other than the appliances that [went] with the [Property's] sale, to [Appellant]?

III. Did the [orphans' court] err in failing to charge [Goodman] rent for his continued residence in the [D]ecedent's home?

IV. Did the [orphans' court] err in holding the first day of the [evidentiary] hearing seven days after it granted [Appellant's] request for . . . discovery?

V. Did the [orphans' court] err in allowing [Appellees] to amend their petition for adjudication [via] a brief filed with the court, without giving [Appellant] any opportunity to object?

Appellant's Brief at 4-5.

Appellant's first three issues relate to the orphans' court's decision to overrule his objections to the first and final account of the Estate. Initially, we note:

Our standard of review of the findings of an [o]rphans' [c]ourt is deferential.

When reviewing a decree entered by the [o]rphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the [o]rphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions.

[T]he [o]rphans' [c]ourt decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

In re Estate of Whitley, 50 A.3d 203, 206-207 (Pa. Super. 2012), appeal denied, 69 A.3d 603 (Pa. 2013) (internal citations and quotation marks

- 4 -

omitted). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." Silver v. Pinskey, 981 A.2d 284, 291 (Pa. Super. 2009) (en banc), quoting Mencer v. Ruch, 928 A.2d 294, 297 (Pa. Super. 2007). "Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record." In re Estate of Karschner, 919 A.2d 252, 256 (Pa. Super. 2007), quoting In re Estate of Westin, 874 A.2d 139, 142 (Pa. Super. 2005).

Appellant's first two appellate issues are interrelated and, as such, we will address them together. First, Appellant argues that the orphans' court erred in entering an order of distribution because Appellees failed to file an account that separately itemized the personal property of the Decedent. See Appellant's Brief at 13-15. Second, Appellant argues that the orphans' court erred because it did not include the Decedent's personal property in its distribution order. Id. at 15-16. Appellant's claims lack merit.

Orphans Rule 2.1 states, in relevant part, as follows:

(a) Except where otherwise provided by an order of the court in a particular matter, Accounts shall be prepared and filed with the clerk in conformity with the form of the Model Accounts set forth in the Appendix or in conformity with any other form adopted by the Supreme Court subsequent to the date of adoption of these Rules.

(b) As illustrated in the Model Accounts, Accounts shall conform to the following rules:

(1) The dates of all receipts, disbursements and distributions, the sources of the receipts, and the persons to whom disbursements and distributions are made and the purpose thereof shall be stated. When a number of payments have been received from the same source or disbursed or distributed to the same recipient for the same purpose over a period of time, such receipts, disbursements or distributions need not be itemized, but may be stated in total amounts only, with beginning and ending dates within the period covered.

(2) Except where otherwise provided by an order of the court in a particular matter, principal and income shall be accounted for separately within the Account.

(3) Assets held by the accountant on the closing date of the Account shall be separately itemized.

(4) Every Account shall contain:

(i) a cover page;

(ii) a summary page with page references;

(iii) separate schedules, as needed, which set forth receipts, gains or losses on sales or other dispositions, disbursements, distributions, investments made, changes in holdings, and other schedules as appropriate; and

(iv) signature pages signed by all the accountants stating the Account and verified by at least one of the accountants. The verification of a personal representative's Account shall contain a statement that the Grant of Letters and the first complete advertisement thereof occurred more than four months before the filing of the Account, unless the personal representative has been directed by the court to file an Account prior to that time.

Pa.O.C. Rule 2.1(a)-(b).

Herein, Appellees filed a first and final account and petition for adjudication/statement of proposed distribution on September 4, 2019, which

accounted for the Estate's administration through August 30, 2019.  Thus, an Account was, in fact, filed in this matter and Appellant's claim to the contrary is unfounded.  Further, the Account included a line item for the Decedent's personal property.  First and Final Account, 9/4/19, at 11.  It explicitly stated that "[a]ll [Decedent's] belongings were very old, consisting of no valuables, collectives, etc.  No value."  Id.  Thus, while Appellant "is correct that [the Decedent's] personal property is not [individually] itemized in the Estate with any corresponding value," the property is still included within the Account.  Orphans Court Opinion, 3/11/20, at *5-6 (un-paginated).[2]

Lastly, Appellant is also correct in his statement that the orphans' court's distribution order did not include the Decedent's personal property.  Appellant, however, fails to recognize that, at the hearing conducted on November 14, 2019, Appellees' counsel expressly stated:

> [Appellees] do [not] want the [D]ecedent's personal property.  Why, because it is valueless.  It has no value.
>
> * * *

_____

[2] We recognize that Appellant claims that Appellees' failure to itemize the Decedent's personal property deprived him of the opportunity to confirm that he did, in fact, obtain all of the Decedent's personal effects.  Pursuant to Pa.O.C. Rule 2.1(b)(3), however, Appellees only needed to account for the Decedent's assets.  See Pa.O.C. Rule 2.1(b)(3).  Black's Law Dictionary defines "asset" as "an item that is owned and has value."  Black's Law Dictionary (11th ed. 2019).  Appellees contended that the Decedent's personal property was valueless.  Appellant does not dispute this fact.  Instead, he simply argues that an error occurred because Appellees failed to list every item owned by the Decedent.  Because we do not read Rule 2.1 to require an estate to list all of the property owned by the decedent, we conclude that Appellant's claim lacks merit.

[Appellees] have no interest in it. They do [not] want it. [Appellant] can have it.

N.T. Hearing, 11/14/19, at 6-7. Therefore, as of November 2019, Appellees and the court considered the Decedent's personal property to be Appellant's property. Accordingly, because the orphans' court ordered that "any personal property of [Appellant] still in the possession of the Estate or [Appellees] be returned to him within 30 days of the date of this Order," the court, in effect, ordered that all of the Decedent's personal property be returned to Appellant. Orphans' Court Order, 1/30/20. Based upon the foregoing, we conclude that Appellant's first two appellate issues lack merit.

In his third appellate issue, Appellant argues that the orphans' court erred in failing to charge Goodman rent for his "continued residence in the Decedent's home." Appellant's Brief at 17. We disagree.

The Code provides, in pertinent part, as follows:

§ 3311. Possession of real and personal estate; exception

(a) Personal representative.—A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, except real estate occupied at the time of death by an heir or devisee with the consent of the decedent. He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate so occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.

- 8 -

20 Pa.C.S.A. § 3311(a). "It is not contemplated[, however,] that rents shall be collected by the personal representative from real estate occupied by an heir or devisee unless needed for payment of claims." 20 Pa.C.S.A. § 3311, Comment. Thus, the "case authority . . . confirms that as long as the estate is solvent, rental is not awarded to an estate from an heir or devisee occupying land of the decedent when the decedent died." In re Padezanin, 937 A.2d 475, 482 (Pa. Super. 2007).

Herein, there is no dispute that the Estate is solvent. Rather, Appellant argues that Goodman did not reside at the Property at the time of Decedent's death and, as such, owes rent for the period of his residence.[3] A review of the transcripts of the November 14, 2019 and January 13, 2020 hearings reveals conflicting testimony presented on the subject. Indeed, Appellant testified that he resided with the Decedent at the time of her death, not Goodman. N.T. Hearing, 11/14/19, at 9-18; N.T. Hearing, 1/13/20, at 8-12. Appellees, however, both testified that Goodman lived with the Decedent at

_____

[3] With respect to this issue, Appellant's brief devotes much of its argument to discussing the orphans' court's failure to admit two exhibits into evidence during the January 13, 2020 hearing. Appellant's Brief at 17-28. Appellant, however, did not include this evidentiary issue in his statement of questions involved. Id. at 4. Thus, this issue is waived. See Pa.R.A.P. 2116(a); see also Commonwealth v. Ivy, 146 A.3d 241, 254 n.6 (Pa. Super. 2016) (failure to raise issue in statement of questions involved on appeal results in waiver). We note, however, that even if we were to consider the two exhibits offered by Appellant, they only constitute facts supporting Goodman's residency and the orphans' court, as the factfinder, had authority to weigh the exhibits against other evidence in making its ultimate ruling on who lived at the Decedent's property at the time of her death. See Orphans' Court Opinion, 3/11/20, at *9 (un-paginated).

the Property at her request when she died. N.T. Hearing, 1/13/20, at 4-8. Clearly, the orphans' court made a credibility determination and concluded that Goodman did, in fact, live on the Property. "Because the [o]rphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion." In re Estate of Whitley, 50 A.3d at 206. We discern no abuse of discretion and therefore conclude that the court did not err in failing to charge Goodman rent for residing at the Property.

In Appellant's fourth issue, he argues that the orphans' court erred in conducting the November 14, 2019 and January 13, 2020 hearings after it granted him 90 days to conduct discovery on November 8, 2019. In the argument section devoted to this appellate issue, however, Appellant cites no legal authority to support his position that the decision of the orphans' court amounted to prejudicial error. Instead, Appellant engages in a rambling discussion and, in conclusion, asserts that the amount of time permitted for discovery was "useless." Appellant's Brief at 29. This Court previously noted:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. Estate of Lakatosh, [] 656 A.2d 1378, 1381 ([Pa. Super.] 1995). This Court will not consider the merits of an argument which fails to cite relevant case [law] or statutory authority. Iron Age Corp. v. Dvorak, 880 A.2d 657, 665 (Pa. Super. 2005). Failure to cite relevant legal authority constitutes waiver of the claim on appeal. Eichman v. McKeon, 824 A.2d 305 (Pa. Super. 2003)[.]

- 10 -

*In re Estate of Whitley*, 50 A.3d at 209–210 (quotation marks omitted). Because Appellant failed to engage in a discussion of this issue and include any citation to pertinent authority, we conclude that this issue is waived.[4]

Lastly, Appellant argues that the orphans' court erred in permitting Appellees to amend their petition for adjudication via a brief. Appellant utterly fails to point this Court to where, in the record, the Appellees amended their petition. Nonetheless, a review of the record indicates that, during the January 13, 2020 hearing, the orphans' court directed the parties to submit briefs. N.T. Hearing, 1/13/20, at 15-17. The Appellees timely complied, and it is within this brief that they included a proposal on the Estate's final distribution. Petitioners Post-Hearing Brief, 1/28/20, at 11. Herein, Appellant claims that, by permitting the Appellees to amend their petition for

_____

[4] Even if Appellant did not waive this issue, we would conclude that he is not entitled to relief. As explained above, prior to the November 14, 2019 hearing, Appellant filed a motion to compel discovery and a motion for a continuance. In Appellant's motion to compel discovery, he requested the court compel Appellees to submit to depositions and permit a real estate professional to enter the Property and determine its fair market value. Appellant's Motion to Compel Discovery, 11/8/19, at *1-3 (un-paginated). The orphans' court granted Appellant's motion to compel discovery and, despite its initial denial, granted his motion for a continuance. Appellant deposed Appellees in December 2019. While he currently complains that he did not have enough time to conduct discovery, he raised no complaint during the January 13, 2020 hearing. In fact, the orphans' court inquired on three separate occasions as to whether Appellant needed to present any additional evidence and, each time, Appellant responded in the negative. N.T. Hearing, 1/13/20, at 16-17. "Had additional time been necessary and requested, the [orphans' court] would have granted it." Orphans' Court Opinion, 3/11/19, at *12 (un-paginated). Because Appellant did not suffer prejudice, we conclude that he is not entitled to relief.

adjudication in their post-hearing brief, the orphans court "denied [him] the opportunity to review the amendment[] and potentially object to it." Appellant's Brief at 30.

Upon review, we conclude that this issue is waived. Contrary to Appellant's claim, he could have objected to the orphans' court's action by filing a motion for reconsideration. Indeed, Orphans' Court Rule 8.2 states that a motion for reconsideration of any order that is final pursuant to Pa.R.A.P. 342 may be filed. Pa.O.C.R. 8.2. A review of the certified record, however, reveals that Appellant did not file a motion for reconsideration. Appellant therefore raises this claim of error for the first time on appeal and, as such, this claim is waived. See In re Estate of Schmidt, 596 A.2d 1124, 1132 (Pa. Super. 1991) (explaining that, in order to preserve an issue for appellate review, an appellant must raise the issue first with the orphans' court); see also Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be pursued before this Court).

Because Appellant is not entitled to relief on any of his claims, we affirm the orphans' court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/26/2020</u>