J-A07009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: CAROL L. STONE TEEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: TODD TEEL | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1306 MDA 2019 |

Appeal from the Order Entered June 11, 2019
In the Court of Common Pleas of Wyoming County Civil Division at
No(s): 2016-00034

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:          **FILED: APRIL 14, 2020**

Appellant, Todd Teel, appeals *pro se* from the June 11, 2019 order dismissing Appellant's objections and approving the interim account and proposed distribution of the property of the Estate of Carol L. Stone Teel ("the Estate").[1]  We vacate the order and remand the case with instructions.

Carol L. Stone Teel ("Decedent") died testate on February 10, 2016. Pursuant to Decedent's Will, dated October 8, 2009, and subsequent Codicil, dated June 2, 2015, Decedent's heirs were her six children: Tammy Kresege, Deborah Tavernia, David Teel, John Teel, Timothy Teel, and Appellant.  The

_____

[1] The record demonstrates that the order was entered on the docket on June 11, 2019, but dated June 14, 2019, by the orphans' court.  Pennsylvania Rule of Civil Procedure 108(b) states, "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."  Therefore, the date of this order is June 11, 2019.

Will named Barbara Fuhrey and William Fuhrey (collectively, "co-executors") as co-executors of Decedent's Estate. The primary assets of the Estate included a farmhouse with an appraised value of $125,000.00, a tenant house and one acre of surrounding land with an appraised value of $115,000.00, the balance of farmland (153.85 acres) with an appraised value of $393,000.00, and the oil, gas, and mineral rights in the real estate, as well as cash and personal property. The Will and Codicil were admitted to probate.

On May 5, 2017, the co-executors filed an interim account and a petition for adjudication/statement of proposed distribution of the Estate's property ("proposed distribution"). On July 10, 2017, Appellant, Tammy Kresege, and Deborah Tavernia filed objections to the interim account and proposed distribution.[2] Appellant, Tammy Kresege, and Deborah Tavernia filed amended objections to the interim account and proposed distribution on June 6, 2018. Tammy Kresege and Deborah Tavernia subsequently reached a settlement of their personal claims against the Estate and no longer wished to pursue their objections to the interim account and proposed distribution.

---

[2] Appellant, Tammy Kresege, and Deborah Tavernia also filed objections to the Will and Codicil but in their prayer for relief requested, "that both [the] original Will and Codicil remain in probate." Objections to Decedent's Will, 2/5/18. The orphans' court subsequently found no objections to the Will and Codicil and ordered both to remain in probate. Orphans' Court Order, 5/9/18.

Appellant, however, continued to pursue *pro se* the objections to the interim account and proposed distribution. [3]

On November 15, 2018, the co-executors filed an amendment to paragraph 9 of the proposed distribution that addressed the oil, gas, and mineral rights in Decedent's real estate. After a hearing on Appellant's objections to the interim account and proposed distribution, the orphans' court ordered Appellant to submit "a list of all assets [he believed] were not properly inventoried as part of the [E]state." Orphans' Court Order, 4/4/19. Appellant filed *pro se* his list of assets with the orphans' court judge's chambers on April 22, 2019.[4]

On June 11, 2019, the orphans' court dismissed Appellant's objections and approved the interim account and proposed distribution of the Estate's property. On July 11, 2019, Appellant filed *pro se* a "motion to compel a complete [interpretation] of [the] Will by [the orphans'] court and stay [its] dismissal and approval of interim account" ("motion to compel"). This motion to compel bears a timestamp of entry on the docket of July 11, 2019, at 10:15 a.m. Later that same day, Appellant filed *pro se* a notice of appeal of

---

[3] James T. Mulligan, Esq., counsel for Appellant, Tammy Kresege, and Deborah Tavernia, filed a motion to withdraw from representation stating that due to a conflict of interest, he was no longer able to represent Appellant. The orphans' court subsequently granted counsel's motion to withdraw from representation of Appellant. Orphans' Court Order, 7/31/18. Counsel continued to represent Tammy Kresege and Deborah Tavernia.

[4] The list of assets was not entered on the docket until October 15, 2019.

the order entered "the 12th day of July, 2019." A review of the record demonstrates that Appellant intended to appeal the order entered June 11, 2019. The notice of appeal bears a timestamp of entry on the docket of July 11, 2019, at 10:35 a.m.[5]

On July 16, 2019, the orphans' court denied Appellant's motion to compel on the ground that Appellant filed a notice of appeal to this Court, which stayed all matters pending appeal. Orphans' Court Order, 7/16/19. That same day, the orphans' court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. On October 4, 2019, in lieu of its Rule 1925(a) opinion, the orphans' court entered an order stating that its June 11, 2019 order was not a final order and Appellant failed to request an interlocutory appeal. Orphans' Court Order, 10/4/19.

Appellant raises nine issues in his *pro se* statement of questions involved. Appellant's Brief at 12-17. Appellant's claims, when reduced to their essence, center entirely upon his challenge to the orphans' court's approval of the interim account and proposed distribution of the Estate's property, including, *inter alia*, the distribution of 65 acres to David Teel, the distribution of household items, including guns, and the use of the farm

---

[5] The record demonstrates that on July 15, 2019, Appellant filed four additional motions to compel, *inter alia*, "a proper accounting" of the Estate, "a proper and complete inventory" of the Estate, the production of documents, and the accounting of a loan transaction involving the Estate.

without payment of rent to the Estate. *Id.* We find Appellant's third issue dispositive and, therefore, set forth Appellant's issue as follows:

> Exactly what does ["]the rest is for the other [] unless [Appellant] has lost the ground he had given him" mean[?] Does it give [the] remaining real estate and remaining assets [to Appellant?] Is it a conditional bequest to [Appellant?]

*Id.* at 13 (original formatting omitted).

Before addressing the merits of Appellant's issue, we must first examine whether the June 11, 2019 order is immediately appealable, thereby implicating the jurisdiction of this Court. *In re Estate of McAleer*, 194 A.3d 587, 591 (Pa. Super. 2018) (stating, "[t]he question of the appealability of an order goes directly to the jurisdiction of [this Court]" (citation and original brackets omitted)).

Pennsylvania Rule of Appellate Procedure 341 states an appeal of right may only be taken from a final order. Pa.R.A.P. 341(a). A final order is any order that disposes of all claims and all parties or is entered as a final order upon a determination by the orphans' court that an immediate appeal would facilitate resolution of the entire case. *Id.* at (b)(1), (b)(3), and (c). Rule 342 states, however, that an appeal may be taken as of right from an orphans' court order that, *inter alia*, confirms an account or authorizes or directs a distribution from an estate, interprets a will or a document that forms the basis of a claim against an estate, or determines an interest in real or personal property. Pa.R.A.P. 342(a)(1), (3) and (6).

Here, the June 11, 2019 order approved the petition for adjudication/statement of proposed distribution of the Estate's property. The approval of the proposed distribution confirmed the Estate's interim account, interpreted the Will and Codicil and authorized distribution of the Estate's property in accordance with this interpretation, and determined interests in real estate. Orphans' Court Order, 6/11/19; *see also* Amended Paragraph 9 to the Petition for Adjudication/Statement of Proposed Distribution, 11/15/18. Therefore, this Court has jurisdiction to address the merits of Appellant's claims pursuant to Rule 342(a)(1), (3) and (6).

In addressing the merits of Appellant's third issue, our standard of review is as follows:

> The orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law. This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination. When we review questions of law, our standard of review is limited to determining whether the orphans' court committed an error of law.

*In re Estate of Krasinski*, 188 A.3d 461, 466 (Pa. Super. 2018) (citation and brackets omitted), *aff'd*, 218 A.3d 1246 (Pa. 2018).

In matters involving the interpretation of a will and the determination of the decedent's testamentary intent, our Supreme Court stated,

> the testator's intention is the polestar in the construction of every will and that intention must be ascertained from the language and scheme of his entire will together with the surrounding facts and circumstances; it is not what the [c]ourt thinks he might or would or should have said in the existing circumstances, or even what

the [c]ourt thinks he meant to say, but what is the meaning of his words.

***In re Estate of Tscherneff***, 203 A.3d 1020, 1024 (Pa. Super. 2019) (original brackets omitted), *quoting **In re Estate of Houston***, 201 A.2d 592, 595 (Pa. 1964). "Technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain." ***Tscherneff***, 203 A.3d at 1024 (citation omitted). "An ambiguity in a will must be found without reliance on extrinsic evidence before extrinsic evidence is admissible." ***Id.***, *citing **In re Estate of Kelly***, 373 A.2d 744, 747 (Pa. 1977). "A court may not rewrite an unambiguous will." ***Tscherneff***, 203 A.3d at 1024 (citation omitted).

In order to preserve an issue for appellate review, appellant must raise the issue first with the orphans' court. ***In re Estate of Schmidt***, 596 A.2d 1124, 1132 (Pa. Super. 1991), *citing* Pa.R.A.P. 302(a), *aff'd*, 619 A.2d 1058 (Pa. 1993). Pennsylvania Orphans' Court Rule 8.1 prohibits the filing of exceptions or a post-trial motion to an orphans' court order. Pa.O.C.R. 8.1. Orphans' Court Rule 8.2 states, however, that a motion for reconsideration of any order that is final pursuant to Pa.R.A.P. 342 may be filed. Pa.O.C.R. 8.2. If a notice of appeal is subsequently filed after a motion for reconsideration has been filed, and the orphans' court does not expressly grant the motion for reconsideration, the orphans' court is limited to, *inter alia*, maintaining the *status quo* of the case. Pa.R.A.P. 1701(a) and (b).

Here, the record reveals that Appellant filed his motion to compel before filing his notice of appeal. A review of the motion to compel demonstrates that Appellant was requesting the orphans' court to reconsider its June 11, 2019 order. Appellant's Motion to Compel, 7/11/19, at unnumbered page 4 (stating, the proposed distribution is inaccurate and must be dismissed; a new distribution must be put forth that is in accordance with Decedent's Will and Codicil); *see also Liles v. Balmer*, 653 A.2d 1237, 1240 n.5 (Pa. Super. 1994) (stating, "it is the contents of the motion and not its caption which is controlling"), *appeal denied*, 663 A.2d 692 (Pa. 1995). Appellant argues that the orphans' court erred in the interpretation of the last sentence of the Codicil that states, "[David Teel] also gets at least 65 acres of ground of his wishes the rest is for the other unless [Appellant] has lost the ground he had given to him." Once presented with Appellant's request for reconsideration, the orphans' court was permitted, despite the subsequent filing of Appellant's notice of appeal, to expressly grant the motion for reconsideration and address the merits of Appellant's issues. Pa.R.A.P. 1701(a) and (b). The orphans' court, however, stayed its June 11, 2019 order but did not expressly grant reconsideration. Orphans' Court Order, 7/16/19. Appellant raised his issue concerning the use of the word "other" in his Rule 1925(b) statement. Appellant argued that all of Decedent's heirs had previously been addressed in the Will and Codicil and that by using the word "other" in the singular form in the last sentence of the Codicil, Decedent's intent was to devise the remaining real estate to Appellant. Appellant's Rule 1925(b) Statement,

- 8 -

8/6/19, at unnumbered pages 5-7.  Therefore, we find Appellant has preserved this issue for appeal.

Based upon the record before us, we conclude that the terms of the Codicil are unclear and ambiguous.  In particular, Decedent's use of the singular form of the word "other" when read in the context of the sentence creates a patent ambiguity[6] as to Decedent's intention.  The use of this word "other" raises a question as to whether Decedent's intent was for Appellant to receive the remainder of the real estate or for the remainder of the real estate to be distributed equally between the five remaining heirs, excluding David Teel, as interpreted and approved by the orphans' court.

The orphans' court did not make findings of fact and conclusions of law when it denied Appellant's objections and approved the interim account and proposed distribution.  The orphans' court also did not address the merits of Appellant's issues raised on appeal in his Rule 1925(a) opinion.  Therefore, we are constrained to remand this matter for the orphans' court to make findings of fact and conclusions of law with regard to Appellant's issues, specifically resolving the issue of ambiguity with the use of the word "other" as it appears in the Codicil.[7]

---

[6] "A patent ambiguity appears on the face of the document and is a result of defective or obscure language." *Tscherneff*, 203 A.3d at 1025 n.1 (citation and brackets omitted).

[7] If the orphans' court deems it necessary, it may hear additional testimony, receive additional evidence, or ask parties to submit briefs or memorandum of law on these issues.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2020